ELIAS KEYES, appellant, and defendant below, *vs.* THROOP & MORGAN, appellees, and plaintiffs below----*IN ERROR.*

Where a plaintiff declares in one count before a court from which an appeal is taken in the cause, on declaring anew before the appellate court, he may add other counts, provided it sufficiently appear to the court that they are for the same cause of action, and not for a new or distinct cause of action.

The clerk of the General Assembly can tax no items of costs in favour of petitionees, under the "act relative to petitions preferred to the General Assembly," except such as are specified in the act:

If the court improperly overrule an objection to irrelevant testimony, the remedy is by bill of exceptions.

The improperly overruling a motion in arrest of judgment, for causes apparent upon the face of the record, cannot regularly be assigned for error, but the cause upon which the motion was predicated is the error to be assigned:

A less sum may be recovered than is demanded, in an action of debt on judgment and specialties, as well as in debt on simple contract; but a variance between the *description* of the instrument declared upon and that *offered in evidence*, would be fatal.

What defects are cured by verdict, and what are cause of arrest.

A declaration cannot be aided by a *remittitur ;* but where the plaintiff has demanded more, and a verdict or judgment is rendered for more than he is entitled to recover, the overplus may be remitted.

The taxation of a bill of costs by the clerk of the General Assembly, (notice being given) is conclusive between the parties, as to all items within his cognizance.

A petition for further proceedings, where a judicial determination has been had, in a cause, is a petition for a *new trial*, within the meaning of the "act relative to petitions preferred to the General Assembly," notwithstanding the petitioner avers that he has had no trial, and only prays for an act authorizing the county court to grant him a trial.

THIS was a writ of error brought to reverse a judgment of Windsor county court, rendered at their March term, 1824, in favour of *Throop & Morgan*, against *Elias Keyes*. The facts appearing in the record, the errors assigned, and the points relied upon, will sufficiently appear from the following opinion of the Court, which was pronounced by

SKINNER, Ch. J.  The material facts appearing upon the record, are, that Keyes was by Throop & Morgan impleaded in an action of debt for the sum of $13,05, for costs taxed in favour of the said Throop & Morgan against the said Keyes, by the clerk of the General Assembly, October session, A. D. 1823, upon the petition of Keyes against Throop & Morgan, which was by the General Assembly dismissed.  Judgment was by the justice rendered in favour of the then plaintiffs for the sum claimed in debt, and an appeal therefrom by Keyes to the county court.  A declaration is there filed consisting of two counts.  In the first a demand is made of the same sum in debt as before the justice.  The declaration sets forth at length the petition, the proceedings thereon, and also specifically the subject matter of claim for costs allowed by the clerk ; viz. 41 miles travel, at 5 cents per mile, $2,05 ; 16 days attendance, at 50 cents per day, $8 ; attorney fee, $3.  In the second count a demand is made for $10,05 debt, omitting the attorney fee. Plea, *nil debit*, accompanied by a rule of the parties, that any special matter might be given in evidence in the defence, that would be proper under any plea or pleas.  The second count was filed by leave of court, though objected to by Keyes, the defendant.  Verdict upon the first count for $13,05 debt, and upon the second, that defendant did not owe, &c.  A remittitur of $3 for that sum claimed in the declaration and admitted in the verdict as attorney fee, is entered.  A motion in arrest for the insufficiency of the first count in the declaration, is interposed and overruled, and judgment rendered for $10,05.  A bill of exceptions is tendered by Keyes, and allowed by the court, from which it appears the defendant, Keyes, offered testimony tending to show that the certificate of the clerk of the cost taxed by him was procured by false and fraudulent representations of the plaintiffs' agent and attorney, and that they, the plaintiffs, did not attend the General Assembly to oppose the application of Keyes for a new trial, the number of days taxed and allowed, which was rejected by the court.  It also appears, that the defendant, Keyes, by his agent and attorney, attended before, and was heard by the clerk upon the allowance of the bill of costs.  The errors assigned are, that the county court permitted the plaintiffs to file the second count---- That the testimony offered by defendant was rejected----That the court directed the jury to consider the clerk's certificate conclusive evidence----That the court overruled the motion in arrest,---and generally, that judgment was given for plaintiffs below, when it ought to have been for defendant.

That the plaintiffs may ordinarily, on the entering of the appeal in the county court, file a declaration consisting of more than one count, although by the justice's record it may appear a single demand only was in suit, has been so repeatedly decided by this court, that it ought not now to be questioned.

It is contended that no additional count can be filed, comprising a different and distinct cause of action ; and that in

*Windsor,*
*February,*
1827.

Keyes
*vs.*
Throop et. al.

*Windsor,*
*February,*
*1827.*

*Keyes*
*vs:*
*Throop et: al.*

this case the only claim before the justice was for $13,05 debt, and before the county court the same is demanded in the first count, and a further and other sum of $10,05 is demanded in the second. In the cases noticed as having been decided, the same objection was urged, and the forms of pleading are such as necessarily present the same supposed difficulty; but in all cases where the court are satisfied the claim is one and the same, and that the party, to avoid the hazard of resting his case upon the single form in which in one count he may present it, has, according to the common course, added other counts, they will not be rejected. Although the party might not be permitted to count upon a note of hand, bond or judgment for a different sum, and of different date, &c. yet if it appear from the declaration the cause of action is one and the same, and to be supported by the same evidence, we consider the mode of pleading here adopted warrantable. That such is the case presented, appears most conclusively by an examination and comparison of the two counts. It might be questionable whether this Court would be justified in reversing the judgment, admitting the claim in the second count to have been different from that in the first. The verdict thereon being for the defendant, Keyes, it is not readily perceived how he would be thereby prejudiced. If the defendant should be subjected to additional costs and expense in defending, and the practice of the court should be such as not to allow costs to be taxed in his favour, he having succeeded on one count, it might be cause of complaint.

As to the *three dollars* included in the verdict for attorney fee, although it may be altogether reasonable to allow the party that sum, which would generally fall far short of the amount paid, yet, as the claim is made under, and by force of the statute, (*Compiled Laws*, 682--3,) nothing can be recovered but that which the legislature have directed the clerk to tax and allow; that demand, therefore, not being recognized in the statute, cannot regularly constitute any part of the judgment.

From the record, it does not appear that the evidence, viz. the certificate of the clerk of the General Assembly, given by the plaintiffs on trial, was objected to by the defendant as irrelevant; and if it had been, and the objection improperly overruled, a motion in arrest would not avail the party; his only redress would regularly be by a bill of exceptions. The question whether the county court correctly overruled the motion in arrest or not, is immaterial, in as much as the party waives no right by neglecting to move in arrest. That which is cause of arrest appearing upon the record, is of course error.

Such defects as are not cured by verdict, are reached as well by writ of error as by motion in arrest:----the question then is as to the sufficiency of the declaration.

The ancient rule, that in debt the plaintiff must recover the precise sum declared for, has long since been exploded.

It is nevertheless contended by the counsel for the plaintiff

Windsor,
February,
1827.

Keyes
vs.
Throop et. al.

in error, that the recovery of a less sum is only justified by proof of payment in part, and that in no case can the plaintiff recover in debt, where he declares for more than he was originally entitled to, or where the sum demanded is more than by the plaintiff's own shewing he can claim.

The rule contended for is not to be drawn from the authority cited, but the reverse is most conclusively established, as applicable to debt on simple contract. *Chitty*, the authority relied upon, in *p*. 111, says----"It is however now completely settled, that the plaintiff may in debt on simple contract prove and recover less than the sum stated to be due in his declaration, unless there be a *variance* in the description of a written instrument or deed; for the difference is, that where debt is brought upon a covenant to pay a sum certain, a *variance* in the *statement* of the *sum mentioned* in the deed, will vitiate." In the case of *McWillin* vs. *Cox*, 1 *H. Bl.* 249, where debt was brought on simple contract, although the sums claimed to be due in the several counts did not amount to the sum demanded in the writ, the declaration was held good on special demurrer. That the principle is applicable as well to actions founded on judgments and specialties as simple contracts, is to be found in the cases of *Lord* vs. *Houston*, 11 *East*. 62, and *Walker* vs. *Witter, Doug.* 6. The former was an action of debt on bond and several simple contracts, the amount claimed to be due in the several counts exceeded the gross sum demanded in the declaration, and on special demurrer it was held good. The case in *Doug.* was debt on a judgment of the supreme court of Jamaica. The plaintiff demanded £594 0*s*. 4*d*. lawful money, of Great Britain, and the two judgments described were for £831 12*s*. 6*d*. Jamaica currency, equal to the sum demanded. In delivering the opinion, *Lord Mansfield* said, in reference to its having been urged *that Jamaica currency was fluctuating and uncertain*,----"It is not necessary that the plaintiff in debt should recover the exact sum demanded." No reason can be assigned why the plaintiff in the action of debt should not be permitted to recover a less sum than he demands, that does not apply with equal force to any other form of action.

The doubts that have been entertained in relation to the law, have risen, I apprehend, from not distinguishing between that which is *demanded* and that which is matter of *description;* a *variance* in the latter is fatal. This view of the subject is supported by what has already been recited from *Chitty*. The doctrine is thus unqualifiedly laid down by Judge *Swift*, in his *Digest*, 572.

If that which is said to be fatal against the plaintiff is not to be applied to the variance between the instrument counted upon and described in the declaration, and that which is offered in evidence, but to the variance between the sum demanded and that to which the plaintiff shows himself entitled by his declaration, the two cases before cited of *McWillin* vs. *Cox*, and *Lord* vs. *Houston*, it would seem, cannot be law. It is true, in

Windsor,
February,
1827.

Keyes
vs.
Throop et. al.

the old case of *Incledon* vs. *Cripps*, which is blindly and very differently reported in the several books to which I have had access, viz. *Salkeld*, *Modern*, *Ld. Raym* and *Holt*, the principle contended for by the plaintiff's counsel may perhaps be considered as having been recognized. Of this, however, I think any one, from an examination of all the reports of that case, may well doubt. In the report of this case in *Holt*, it is said, "If a man bring debt upon a bond of £30, and declare on a bond of £20, this is ill, *because he has brought his action for more than is due.* The doctrine is correct, but the reason is not, as appears from all the authorities.----The reason is the *variance.* If bringing the action *for more than is due* is the reason, it would apply to every case of debt. It appears, from the report of this case in *Salkeld*, that the action was debt upon the deed of the defendant, which was correctly described, and that from the plaintiff's own showing, he demanded more than he was entitled to by the terms of the instrument. On demurrer, it was decided that he should have judgment for no more than he ought to recover, and might remit the rest. The facts stated in the declaration rested not only upon the evidence contained in the deed, but matter extrinsick. From this authority, it is evident that in an action of debt on specialty, a variance between the sum demanded and the sum due by the plaintiff's own shewing, will not vitiate. If the *variance* spoken of, which would be fatal, as being inconsistent with the deed in the case, supposed by the judge, is intended to be applied to a case in which the amount of the debt rests exclusively upon the evidence furnished by the instrument itself, the same being well described in the declaration, there can be no reason for the distinction taken. In the latter case, *i. e.* the case put by the judge, the plaintiff describes the deed correctly, and assigns the breach ; the deed could not therefore be objected to as evidence on the ground of variance. The defendant is apprised of what he has to meet, and the record will bar another suit. The defect is nothing more nor less than the plaintiff has demanded more than he is entitled to recover from his own showing, that is, from the facts which he states and offers to prove ; yet the declaration is said to be insufficient. In the other case, *i. e.* the case decided, the plaintiff describes the deed correctly, and assigns the breach, and from his own shewing, that is, the facts which he states and offers to prove, he is not entitled to recover what he demands ; yet the declaration is held sufficient. It may be noticed, that the opinion of *Holt* upon this point was altogether gratuitous. The question, whether a declaration was defective upon a deed in which the plaintiff demanded more than he was entitled to recover, the evidence of his right growing out of the deed itself, and in no part out of the matter extrinsick, was not the question arising in the case.

But admitting it to have been decided as contended by the plaintiff at that early day, it must be considered as having been overruled by the more modern decisions, and to have fallen

*Windsor,*
*February,*
*1827.*

*Keyes*
*vs.*
Throop et. al.

with the old rule already noticed, that the plaintiff in debt must recover the precise sum demanded. Was it not that we are well satisfied such is the law at this day, it not being necessary to express any opinion upon this point in the case, it might have been avoided, for the defect, if it exists, is most unquestionably cured by verdict, and can only be reached by special demurrer, provided the plaintiff was warranted in entering a remittitur.

The rule to be found in the books as to what defects are cured by verdict, and what not, appears to be, that if the right or title of the plaintiff sufficiently appears, though defectively or inaccurately stated, judgment will not be arrested; but when the title or cause of action is totally omitted, and the right of course does not sufficiently appear, the verdict will be set aside. So, too, where the fact omitted, though material, must necessarily be presumed to have been proved on trial, the verdict must stand.----1 *Saund.* 228, a. *note.---Doug.* 658, 683.---*Sw. D.* 776.---*Hob.* 233.

In this case, the right of the plaintiff to the sum for which judgment was rendered, viz. $10,05, sufficiently and fully appears in the declaration. If no remittitur had been entered, the verdict must have been set aside, for the right of the plaintiff to the sum of the verdict does not appear, but on the contrary the declaration shows he has no right to the sum remitted. It is apparent the defect, if any, is in *form* only. Although the plaintiff demands $13,05, yet, in his declaration he sets out the particulars of his claim, from which appears distinctly not only the right, but the amount he is entitled to recover.----That this defect can be taken advantage of, if at all, only by special demurrer, will be found from the pleading in the cases already noticed. In the note of *Williams* to the case of *Duppa* vs. *Mays,* 1 *Saund.* 285, the principle is clearly recognized as applicable to this case.

It is insisted, that no remittitur could be entered; that if the verdict was for more than the plaintiff could legally claim, it must be set aside; that the error cannot thus be avoided.

If the Court are not thus restrained by authority clear and explicit on the subject, it would seem they could not be justified in reversing this judgment, and sending the case back again to the county court for trial, with a direction that judgment must again be rendered for the same sum. This is the very evil which a remittitur is designed to remedy. The case relied upon by the plaintiff is the same before noticed of *Incledon* vs. *Cripps.* *Holt,* chief justice, is made to say, in the report of this case in *Salkeld*---"Where the sum demanded depends on the deed itself, and on nothing extrinsical, as in case of debt or covenant to pay £20, there can be no remittitur, for the variance which is made is inconsistent with the deed upon which the duty that is demanded entirely depends; otherwise, where it may be more or less matter extrinsick, as in debt for rent, or in the case at bar, in that case, if more be demanded than is

*Windsor,*
*February,*
*1827.*

*Keyes*
*vs.*
Throop et. al.

due, it may be remitted, for the variance is not inconsistent with the deed.    And as the plaintiff is to recover on trial what appears in evidence to be due, so on demurrer he is to have judgment for no more than he ought to recover, and may remit the *rest.*"

From this report it appears that it is not the office of a remittitur to cure a defective declaration.    And if we are correct in the view we have taken of the pleading in this case, it is an authority by which the remittitur is justified.

Although a declaration cannot be aided by a remittitur, yet, whenever the plaintiff demands more, or a verdict or judgment is rendered for more than he is entitled to recover, the overplus may be remitted.---10 *East.* 142-3.---4 *Maul & Selwyn*, 94, *Usher et. al.* vs. *Dansey et. al.*

On the question as to the 'effect of the clerk's certificate, it is admitted by the counsel for the plaintiff, that if it is in the nature of a judgment, it cannot be impeached in the manner attempted on trial; but it is insisted that it was not the intention of the legislature to give it that effect, and that to regard it as conclusive, would open the way for the practice of fraud, and subject the party unjustly, and without and possible means of redress.    It is to be remarked, that the petitioner was present at the time of taxing the costs by the clerk, and we suppose it the practice as well as the duty of the clerk, to give notice in such cases.    Were it a case in which the party had no opportunity to be heard, it might perhaps merit a different consideration, as upon common principles no one is concluded without notice and without an opportunity to assert his right.    It is said, if the party is concluded by the decision of the clerk, he will be precluded from the ordinary means of redress, to which he is entitled if costs have been unjustly taxed against him in a court of justice.    In the latter case, on application to the court, the error will be corrected, but in this case no such resort can be had.    This is assuming more than is proper in the case. The clerk is limited to no precise time within which he is to act, nor is he forbid the exercise of the ordinary duty of an officer of the government, to correct an error.    If the decision of the clerk is subject to be questioned, revised and impeached, the authority given him is altogether useless.    We believe the intention of the legislature to have been, to refer the adjustment and determination to an officer of the government in whom all could confide, whose situation would enable him to become acquainted with the matter to be decided, and who would of course be less exposed to imposition than any other. If we give to the decision of the clerk the effect only of an award of arbitrators, no redress can be had in this court by the party.    The law is well settled, that an award cannot be impeached at law for fraud, or any other extrinsick cause.----*Ph. Ev.* 306.---*Sw. D.* 471.    There is a further consideration to be noticed.----If the party against whom the costs are taxed, feeling himself aggrieved, can overhale the decision, the remedy is

not mutual; the party in whose favour the costs are taxed has no redress, however unjustly he may have been denied that to which he was entitled, and it would be a novel principle, that a decision of any tribunal should conclude one of the parties and not the other.

The only remaining question, and which is not specially assigned for error, is, was the petition preferred by Keyes such as is contemplated in the statute upon which the plaintiff below has founded his right to recover ? The words of the statute are, "If any person shall prefer any petition to the General Assembly, praying for a new trial, at law or in equity," &c.----In the petition which s recited in the record, the petitioner states that Throop & Morgan recovered a judgment against him by the consideration of the county court, March term, 1819, for $40 damages, $34,62 cost----that the cause was referred, and a trial had before the referees. He complains of unjust and fraudulent proceedings, and says he considers the cause submitted was never tried, although he does not in express terms pray for a *new* trial, yet this is the object and scope of the petition, and in conclusion he says; "if asking for one trial is thought too much to grant in these latter days, then your petitioner will vary his prayer before the honourable assembly, and only ask for an act authorizing Windsor county court to give your petitioner a trial in said cause," &c.

To admit the statute can be evaded by praying for a *trial* in a case in which judgment has been rendered, would do violence to common sense. There surely can be no distinction between a further or other trial, and a new trial. If the petition is to avoid a judgment rendered upon default or *nihil dicit,* the party having neglected to appear and take a trial, it is in law denominated a petition for new trial.

> Judgment of county court affirmed, with six per cent. interest thereon as damages, and single costs only are allowed.

HUTCHINSON, J. being of counsel, did not sit in the cause.

*Chs. Marsh* and *T. Hutchinson,* for the plaintiff in error.

*J. Collamer* and *N. Baylies,* for the defendants in error.