CALEDONIA,<br>v.<br>March,<br>1838.<br>——<br>Fuller<br>v.<br>Wright.

BENJAMIN DURRILL v. LAWRENCE & LAMB.

A declaration in an action of debt, for goods sold and delivered, is good, after verdict, although the words " at his special instance and request" are omitted.

Where D. brought a quantity of salts to L. in fulfilment of a written obligation, and after they were weighed and left at the potash of L.; a dispute arose whether the contract was or was not for gross weight, and D. refused to have them applied on the contract, and L. refused to receive them in any other way, and endorsed them on the contract ;—*Held*, that D. could not maintain an action of debt to recover the value of the salts, thus left with L., as L. refused to receive them, except in payment of the contract.

CALEDONIA,<br>March,<br>1838.<br>——

THE bill of exceptions described this as an action of assumpsit. The declaration was as follows, viz :—

———— " To answer to Benjamin Durrill, of Walden " aforesaid, in a plea that to the plaintiff defendants render " $75.00, for sixteen hundred of salts of lye, before this " time sold and delivered by plaintiff to defendants, and for " which defendants refuse to pay plaintiff, though often " thereunto requested. To the damage, &c."

The suit was commenced before a justice of the peace and appealed to the county court.

On the trial, by jury, in the county court, the plaintiff proved the delivery of the salts. The defendants produced

CALEDONIA,
*March,*
1838.

———

Durrill
*v.*
Lawrence &
Lamb.

the plaintiff's written contract, dated the 28th of Nov. 1835, by which he promised to deliver the defendants one ton, gross weight, of salts of lye, in the month of January, 1836. The further testimony and the charge to the jury are detailed in the opinion of the court. The verdict and judgment were for the plaintiff, and the defendants excepted.

There was, also, a motion in arrest of judgment for the insufficiency of the declaration, which motion was overruled by the county court.

*L. B. Peck,* and *J. A. Wing,* for defendants.
*J. Mattocks,* and *J. Bell,* for plaintifl.

The opinion of the Court was delivered by

WILLIAMS, C. J.—In this case there is a motion in arrest for the insufficiency of the declaration, which was overruled by the county court. Exceptions were also taken to the charge of the court, on the trial before the jury. The declaration was considered and treated as in assumpsit, as appears by the exceptions. But, on examination, it appears to have been debt, and, as such, is not liable to the objections which have been made, to wit, that it was a promise on a past consideration, and that the declaration omitted the words, " at defendants' special instance and request." The declaration in the case of *Emery* v. *Fell,* 2 T. R. 28, is very similar to the one under consideration, excepting that this omits the words, " at their special instance and request." but these we do not consider material, as it is stated that the goods were sold and delivered to the defendants by the plaintiff, and the indebtedness arises from the sale.

On the trial, it appeared that the testimony tended to show that the plaintiff, on the 16th of January, 1836, went with the salts, for which the action was brought, to the defendants' potash, and had them weighed, saying to one of the defendants, that, as he had brought the salts before they were due, he must give him good weight,—that, afterwards, on the same day, at the defendants' store, on the defendants' asking him what he was going to do with the salts, he replied, he thought he should have them put on the contract. The contract was then brought forward. The plaintiff, on examining it, and finding it read for gross weight, re-

CALEDONIA,
March,
1838.

Durrill
v.
Lawrence & ·
Lamb.

fused to have them applied upon it. Notwithstanding·this refusal, the defendants applied them on the contract, and refused to apply them or account for them in any other way. On these facts the plaintiff claimed a verdict, and the court charged the jury, that if the salts were weighed at the pot-ash, subject to the plaintiff's direction, and, before any disposition had been made of them, he concluded. not to have them applied on the contract, and so informed the defendants, and, notwithstanding this, defendants insisted upon applying them on the contract, and refused to account for them in any other way, the plaintiff would be entitled to recover.

To maintain this action, there must have been some con-tract express or implied, by which the defendants were un-der obligation to pay the plaintiff for these salts, and we can-not discover from the case, as presented, any such contract.

If it was in the power of the plaintiff to control the salts before delivery, as it unquestionably was, it was equally in the power of the defendants to refuse to receive them, in any other way than as payment of the written contract. If the parties were not agreed as to the delivery or disposi-tion of the salts, they remained the property of the plaintiff. He could carry them away or dispose of them as he thought proper.  But if he left them with the defendants, after their explicit declaration that they would not receive them on the contract, and would not account for them in any other way, the obvious inference is, that he left them or delivered them according to his first declared intention, in payment of the contract. The defendants were at liberty to put that construc-tion upon his thus leaving the salts in their possession, and cannot be made debtors therefor.  If the contract was not in reality for *gross* weight, or if there is any mistake in it, it can be ascertained and settled when it is put in suit.  The plaintiff cannot by his own act make the defendants debtors, against their will.  He was under no obligation to deliver the salts before they were due, nor could he have been compel-led to deliver them in payment.  Nor were the defendants obliged to receive them and account for them, in any other way than in payment.  If the parties disagreed as to the ap-plication, before they were delivered, the property remain-ed with the plaintiff, and he could make such disposition of

it as he pleased, unless prevented from so doing by the direct interference of the defendants.

The judgment of the county court must, therefore, be reversed.