## LEVI NEEDHAM *v.* JEREMIAH McAULEY.

Where there is one bad count and a general verdict, judgment must, on
motion, be arested.

What will not be cured by verdict.

ASSUMPSIT, in two counts.

The first count was in common form, for goods sold and delivered, by the plaintiff to the defendant.

The second count was as follows :—

" Also in a like plea of the case, for that whereas, hereto-
" fore, to wit, on the thirteenth day of March, A. D. 1837, in
" consideration that the plaintiff would, at his, the defendant's,
" like special instance and request, sell and deliver to him,
" the defendant, a certain clock, the property of him, the
" the said plaintiff, he, the defendant, then and there under-
" took and faithfully promised the said plaintiff to pay him
" therefor the sum of thirty dollars in the month of October
" then next, with interest.   Yet the said defendant, not re-
" garding his said several promises and undertakings, has not
" paid said several sums of money, nor any part of either,
" though often requested, to the damage of the plaintiff," &c.

Plea *non-assumpsit*, and trial by jury.

In the county court, after a general verdict for the plaintiff, the defendant moved in arrest of judgment for the insufficiency of the declaration.   The county court decided that the second count was insufficient, and arrested the judgment. The plaintiff then moved for leave to amend the second count, but the court denied the motion ; to which decisions the plaintiff excepted.

*J. Maeck,* for plaintiff.

The motion in arrest is grounded on the want of an allegation of the sale and delivery of the clock, in the second count.

The rule of the common law, as laid down in *Tidd's Practice,* p. 826, as to arresting judgment for the insufficiency of the declaration, is, " that if the omission be such as that, without proving it at the trial, the plaintiff could not have had a verdict, and there be a verdict for the plaintiff, such omission shall not arrest the judgment."

The rule is replete with good sense, and is supported by authority. *Cooke* v. *Perritt*, 1 Wilson, 5. *Bull* v. *Seward.* 2 Wilson, 255. *Frederick* v. *Lookup*, 4 Burr. 2020. *Hutchins* v. *Stevens*, Th. Raymond, 487. *East* v. *Essington*, 1 Salk, 130.

The same reasoning, used by the court in the foregoing cases, in refusing to arrest the judgment, will well apply to this, to wit, that it is impossible to suppose the jury could have found the verdict they did, without finding the fact, omitted in the declaration.

The first count is clearly good, and plaintiff might have recovered under it, admitting the sale to have been as stated in the second count. Where goods are sold on a limited credit, after the credit has elapsed, the party may recover under the general count. 4 East, 147. 4 do. 752. *Brooke et. al.* v. *White*, 1 New. R. 330.

As the recovery, then, might have been had under the first count, on less proof, there is no cause of arrest.

The court below ought to have granted the motion to amend. Tidd. 826.

*Hyde & Peck,* for defendant.

1. The second count in the declaration is clearly bad. It alleges that defendant promised to pay if plaintiff would sell and deliver a certain clock, without any averment that he either sold or delivered the clock, or even agreed or assented to the proposition of defendant. No contract is alleged, and no consideration for defendant's promise, the promise being conditional, and no averment of a compliance with the condition by plaintiff. Nothing is alleged prejudicial to plaintiff or beneficial to defendant.

2. It is not cured by verdict. Nothing is presumed after verdict, but what is necessarily implied in what is alleged; that is, there must be some general allegation on the record which includes the particular which should have been specifically alleged, or the defect is fatal. Chit. Pl. 720, (5th Lon. ed.) *Haselton* v. *Weare*, 8 Vt. R. 480. *Harding* v. *Cragie*, 8 Vt. R. 501.

3. Where there are two or more counts, and one defective and a general verdict, judgment will be arrested, unless it is expressly stated, in the bill of exceptions, that no evi-

*[margin note]* CHITTENDEN, *January,* 1841.

Needham
*v*
McAuley.

dence was given on the trial tending to support the defective count.

4. The court had no power to grant an amendment after verdict, as they cannot say but the jury found their verdict on the bad count, which they might not have found proved, had it contained the necessary averments.

Although a verdict may sometimes cure the pleadings, new pleadings cannot be filed to cure the verdict. If the court had power to grant the motion, it was matter of discretion, and a refusal is not error.

The opinion of the court was delivered by

COLLAMER, J.—Where there is a general verdict, and one count is insufficient, the judgment, on motion, must be arrested. This has been too often decided in this state to need the repetition of reasons therefor. There was a general verdict, in this case, and the second count states, in substance, that the defendant promised, if the plaintiff would sell and deliver him a certain clock, to pay therefor, but entirely fails to allege that he ever sold or delivered it. This is clearly insufficient. Was this cured by verdict?

The law, on this subject, is quite clear; but, in its application, the decisions can hardly be reconciled. The law is, that after verdict, every thing will be intended, or be presumed to have been proved, which is implied or must have appeared in proving what is actually alleged. But "if the plaintiff totally omit to state his cause of action it need not be proved at the trial, and therefore there is no room for a presumption to maintain the verdict." "If in an action on a bill, the plaintiff omit to aver presentment to and refusal by the drawee, or that the defendant had notice of non-payment, it is bad after verdict." 1 Chit. Pl. 722.

In this case there was no averment which implied that a sale was ever made. It was a *total omission* to state the plaintiff's cause of action, and that cannot be cured by verdict.

Judgment in arrest affirmed.