### SAMUEL LINCOLN *v.* AMASA BLANCHARD.

If one promise to indemnify another for all loss, damage and expense which he shall incur in giving up to the promissor a horse which he has in his possession, and bringing a suit against the person of whom he purchased it, for fraudulently selling to him a horse belonging to another, on condition that he fail in such suit, and such action is commenced, and the plaintiff fails to recover, the record of the judgment in that action is competent evidence in an action against the promissor, founded upon the promise, notwithstanding no notice of the commencement or pendency of such prior action was given to the defendant. It is evidence against the defendant, to show the bringing and the failure of the action.

In an action on such contract the plaintiff would be entitled to recover, provided he proved that he commenced such prior action, and failed to recover in it; but the amount of damages, which he is entitled to recover, must depend upon the *title* to the horse, and as to that question, *Per* REDFIELD, J., the judgment in the former action would seem to be *inter alios*, and not conclusive.

In such case the consideration is sufficient to support the contract, as being both a loss to to the promissee and a benefit to the promissor.

Lincoln *v.* Blanchard.

In a declaration upon such contract, the allegation, that the plaintiff brought a suit against the person from whom he purchased the horse, is sufficient after verdict. It will be presumed that it was such a suit as was stipulated.

The difference between a title defectively stated and a defective title illustrated.

THIS was an action of assumpsit, in which the plaintiff's declaration was in these words;—"For that the plaintiff, at said Chelsea, 'on the first day of June, was possessed of a certain black gelding 'colt, two years old, which he had previously bought of one Wal- 'ter M. Wilson of Brookfield, in said Orange county, which said 'colt the defendant then and there pretended falsely and fraudulent- 'to claim as his own; and, to induce the plaintiff to deliver up to 'him, the said defendant, the said colt, he then and there undertook 'and promised the plaintiff, that, if he would deliver to him said 'colt, and would bring an action against the said Wilson, claiming 'damage for fraudulently selling property not his own, and in said 'action should fail to recover damage of the said Wilson, as afore- 'said, that he, the defendant, would thereafterwards, on demand, 'indemnify and make the plaintiff good for his damage, loss and ex- 'pense in so doing. And the plaintiff avers, that, relying upon his 'said promise and undertaking, he did then and there deliver to the 'defendant said colt; and the plaintiff farther says that he did af- 'terwards sue out a writ against the said Wilson, signed by and 'returnable to Arad Burnham, Esq., a justice of the peace for the 'county of Orange, on the 19th day of July, 1842, 9 o'clock A. M., 'at the house of Philip Davis in said Brookfield, and, said writ hav- 'ing been duly served upon the said Wilson, and duly returned to 'said justice, such proceedings were thereupon had, on said 19th 'day of July, 1842, that it was then and there adjudged by said 'justice that the said Wilson was not guilty, and that he recover of 'the plaintiff his cost;"—and the declaration contained also allegations as to the value of the colt, the amount of costs and expense sustained by the plaintiff, and an averment that the defendant had refused to pay the same to the plaintiff, though requested. The defendant pleaded the general issue, and trial was had by the jury.

On trial, the plaintiff, among other evidence tending to support his declaration, gave in evidence the record and proceedings of the suit in his favor against Wilson. The defendant insisted that he

Lincoln *v.* Blanchard.

should not be affected by the record, inasmuch as it was not proved that the plaintiff had given the defendant notice of the pendency of that suit and an opportunity to furnish evidence to sustain the action, and requested the court so to instruct the jury. But the court instructed the jury that such notice was not required, and that, if the plaintiff commenced and prosecuted his action against Wilson to final judgment, in good faith, and with the care and diligence which men of common diligence use in the prosecution of their suits, it was all that was required of the plaintiff in that respect.

The defendant also insisted, that the declaration disclosed no sufficient consideration for the promise alleged; but the court overruled the objection.

After verdict for the plaintiff the defendant filed a motion in arrest of judgment, for the insufficiency of the declaration; which motion the court also overruled. To all which decisions of the court the defendant excepted.

*R. Dinsmore* and *L. B. Vilas* for defendant.

1. The plaintiff was bound to give notice to the defendant of the pendency of the suit against Wilson. It is to be presumed, that the defendant could have furnished testimony, sufficient to have enabled the plaintiff to have recovered in that action.

2. The *consideration* of the defendant's promise is the delivery of the colt by the plaintiff to the defendant, the bringing an action against Wilson, claiming damage for fraudulently selling property not his own, and failing to recover damage therein. The *promise* is to indemnify and make the plaintiff good for his damage, loss and expense in so doing. The defendant does not promise to pay the plaintiff for the colt, nor to deliver the colt after the termination of the suit against Wilson. In order to recover the value of the colt, the plaintiff should have brought his action of *trover*, and have proved on the trial his right of property, and the *conversion* by the defendant.

3. For aught that appears in the plaintiff's declaration the entire contract between these parties was merely an attempt to defraud Wilson, and was therefore void. 1 Swift's Dig. 214. *Fetherston* v. *Hutchinson*, Cro. Eliz. 200. 1 Sid. 38. Oliver's Law Sum. 27.

Lincoln v. Blanchard.

4. The plaintiff does not state in his declaration that he ever brought an action against Wilson, "claiming damage for fraudulently selling property not his own," but that he sued out a writ against the said Wilson, &c., and that such proceedings were thereupon had that it was adjudged by the said justice "that the said Wilson was not guilty." When it is necessary, on the part of the plaintiff, to aver performance, an exact performance must be stated. 1 Chit. Pl. 316. Where the declaration omits any independent allegation, material to the cause of action, it cannot be aided by verdict. Evidence to prove such facts, not alleged, would be inadmissible. Nothing is presumed to have been shown, but, what is expressly stated in the declaration, or necessarily implied from those facts which are stated. 1 Swift's Dig. 777. 1 Aik. R. 287. 1 Term R. 145. 7 Term R. 521.

*D. F. Weymouth* and *L. B. Peck* for plaintiff.

1. So far as the correctness of the charge in this case is concerned, it is perfectly immaterial whether, or not, a judgment, rendered between the plaintiff and Wilson, without any agreement of the defendant, or notice to him prior to the trial, would be conclusive as to the ownership of the colt, as between the plaintiff and defendant; for the plaintiff, as appears by the case, was, in effect, employed by the defendant, to try the question of ownership with Wilson; and the defendant had agreed unconditionally to be bound by the result of that trial.

2. By the terms of the agreement set forth in the declaration, and the subsequent acts of the parties, it will be seen, that there was an implied contract on the part of the plaintiff to relinquish all claim on the colt, or upon the defendant for it, or else to sue Wilson according to the offer of the defendant. *Phelps* v. *Stewart et al.,* 12 Vt. 263. The delivery of the colt, then, with this implied contract, which was reciprocal, constitutes an ample consideration for the promise. *Phelps* v. *Stewart et al.,* 12 Vt. 262. The delivery of the colt, alone, would have been a good consideration; for the bare possession of the property was a benefit; and more especially as the title was disputable, and he who had him in possession would be able, in case of a suit, to throw the burthen of proof upon the other party. The delivery of the colt, then, would

Lincoln v. Blanchard.

be an injury to the plaintiff and a benefit to the defendant,—which is all that is necessary to constitute a good consideration. 2 Bl. Com. 445 and notes. 1 Com. on Cont. 12, 14, and cases there cited. *Blake* v. *Peck*, 11 Vt. 484.

3. This consideration is sufficiently set forth in the declaration. The expression " that if he (the plaintiff) would deliver " &c., is equivalent to the words " in consideration that he would deliver " &c., and, with the subsequent averments, that the plaintiff "did deliver " and " did sue " &c., discloses a consideration with sufficient legal certainty to be good, even on special demurrer.

The opinion of the court was delivered by

REDFIELD, J.   Only two questions properly arise, in the present case, upon the bill of exceptions.

1. Was the record of the judgment, in the suit in favor of the plaintiff against Wilson, properly admitted in this action. The question is not, what shall be the effect of this record ?—is it conclusive of the question of title of the horse ?—but, is it admissible for any purpose ?   We think it is.   The defendant's undertaking with the plaintiff was not, that, if it should appear that Wilson owned the horse, he would make good the plaintiff's loss ;—but, if the plaintiff would bring the suit, and should fail to recover against Wilson in such action, he would " make the plaintiff good for his damage, loss and cost."   This promise was made upon the consideration, that the plaintiff would give up to the defendant the horse he bought of Wilson, and bring a suit against Wilson for fraudulently selling property not his own.   If the plaintiff would make out his action, he must show that he *brought* the suit, and that he *failed* in it.   This is all that he stipulated to do on his part.   It is all that the defendant required him to do, in order to give him a claim for indemnity.   To say that the plaintiff was bound to give the defendant notice of the time of trial is going *aside* and *beyond* the contract. It is, doubtless, implied, in the terms of the contract, that the suit shall be brought in a reasonable time, and prosecuted with common diligence, and that it shall fail without the fault of the plaintiff.   But it no where appears that any expectation existed, on the part of the defendant, that he should have notice of the time and place of trial.

If he knew of any testimony, it was his business to inform the plaintiff of it, and if he could render any other important aid, to offer it.

And even without this, it is by no means certain that the defendant is barred by the judgment, in regard to the title of the horse. But the contract is not made to hinge upon that, but upon the success, or failure, of the suit. The title of the horse is no otherwise important, except as it affected the event of the suit against Wilson, or as it affects the damages in this case. The suit against Wilson might fail, notwithstanding he was in fact liable; but *if it failed,* the defendant promised to *make good* " all damage, loss and expense." The damage, loss and expense would all be incurred, except the *loss* of the horse, the same, whether Wilson had good right to sell it, or not; and, by the express terms of the contract, no suit could be maintained, until the suit was brought against Wilson and had failed. The record was, then, the best, and, of course, the only evidence of the " bringing " and the " failure " of the suit. No question seems to have been made, in the court below, whether the record was proof of title of the horse in Wilson. I should, myself, think, that, as it was merely *inter alios*, except so far as the contract made it important to this case, it could not conclude the question of title.

But, upon the question of title, the *prima facie* proof was clearly with the plaintiff, aside from the record. The possession of the horse was quietly in the plaintiff, and that was good against all the world, who could not show a better title. This possession the plaintiff surrendered to the defendant for the contract, and there was no proof offered that the title was in any one else. Of course, then, the plaintiff lost his horse, and the expenses of the suit which he was, by the terms of the contract, entitled to recover against the defendant.

2. The only remaining question is as to the sufficiency of the consideration alleged in the declaration. Upon this there would seem to be no doubt. It was clearly both a loss to the plaintiff, and a benefit to the defendant, to give up to the defendant the horse, and *himself* incur the expense and perplexity of a lawsuit.

The question attempted to be made, as to the sufficiency of the allegation in the declaration, " that the plaintiff did afterwards sue out a writ against said Wilson," &c., that it is too general, is clear-

ly with the plaintiff. This question is first made by motion in arrest of judgment. Every reasonable presumption should be made in favor of the sufficiency of the pleadings, after verdict. We are not to presume that this " writ " was in covenant, or trespass, or that it was defective, but rather that it was formal, and founded upon the alleged fraud in Wilson, as before described in the declaration. The most that can be said, in regard to the declaration, is, that the " title is defectively stated," which is cured by verdict. If it had been said that the plaintiff brought an action of *slander* against Wilson, then the declaration would have been incurably defective, as counting upon a "defective title."

Judgment affirmed.