## CURTIS *v.* BURDICK & WARNER.

### *Variance. Pleading. Motion in Arrest.*

It is not competent for a defendant, by introducing evidence contradicting allegations in the declaration, to avail himself of the benefit thereof, as matter of law, for the purpose of constituting a variance between it and the declaration.

In case for falsely and fraudulently representing to plaintiff that certain land was a part of the land that plaintiff purchased of defendants, it was *held* unnecessary for plaintiff to prove the source of defendant's title to the land purchased, although alleged in the declaration.

The declaration alleged that plaintiff bargained with defendants to buy of them a certain piece of land; that said land was described in a deed from defendants to plaintiff; and that plaintiff *purchased* of defendants the land described in said deed. *Held*, on motion in arrest, that the presumption was that these allegations were proved on trial, and that the word *purchased*, as used in the declaration, implied the payment of a price, and that the declaration was sufficient after verdict.

CASE for deceit in the sale of land. Trial by jury, September Term, 1875, PIERPOINT, Ch. J., presiding, and verdict for the plaintiff.

The declaration alleged " that plaintiff * * * bargained with said defendants to buy of them a certain piece of land of said defendants, to wit, all the land and buildings thereon which were conveyed to George F. Smith and Daniel P. Smith, and by deeds dated July 16, A. D. 1867, and by said Smith to said defendants by deed dated Oct. 12, A. D. 187 ; which said lands are situate in the town of Stannard, in said Caledonia County, and said land is described in a deed from said defendants to said plaintiff." * * * " And the plaintiff avers that he, relying on said false and fraudulent representations of the location of the defendants' land, and believing that said cedar trees so pointed out to him were the property of the defendants, and being induced to purchase said land, believing said trees were standing and growing upon it, he, said plaintiff, purchased from said defendants the land described in said deeds. So the plaintiff says that they, the defendants, by means of their false and fraudulent representations as to the location of said land, sold said land to said plaintiff, whereby," &c.

It appeared from the uncontradicted testimony of the defendant Burdick, that the defendants bought the land out of the purchase of which this controversy arose, of one Lyman. The plaintiff introduced no testimony tending to show from whom the defendants purchased said land, nor when, nor any testimony tending to show any other conveyance or ownership thereof. The defendants requested the court to instruct the jury that the plaintiff could not recover because of the variance between the proof and the declaration in this respect; but the court denied such request, and instructed the jury that the plaintiff was entitled to recover notwithstanding such variance.

After verdict and before judgment, the defendants moved in arrest of judgment for the insufficiency of the declaration.

The court, *pro forma*, overruled the motion, and rendered judgment for the plaintiff; to all which the defendants excepted

*Wales* and *Taft* (*Hard* with them), for the defendants.

Although the averment in the declaration, that the land in question was " conveyed to George F. Smith and Daniel P. Smith,

and by deed dated July 16, A. D. 1867, and by said Smith to said defendants by deed dated Oct. 12, A. D. 187–'', may have been unnecessary, it was neither impertinent nor immaterial, but was strictly *descriptive*, and is so referred to all through the declaration. It is, indeed, the only description of the premises which is contained in the declaration, except the general averment that they are situated in the town of Stannard. Being such descriptive averment, it should have been sustained by testimony, and the omission of such testimony produces a fatal variance. 1 Chit. Pl. 384, 385, 386 ; 1 Greenl. Ev. ss. 58, 60, note 4, ss. 64, 65, 67 ; *Bristow* v. *Wright*, 1 Smith Lead. Cas. 989 ; *Wright* v. *Geer*, 6 Vt. 151 ; *Vail* v. *Strong*, 10 Vt. 457 ; *Allen* v. *Goff*, 13 Vt. 148 ; *Allen* v. *Lyman*, 27 Vt. 20 ; *Edwards* v. *Lucas*, 5 B. & C. 339.

No duty of the defendants to the plaintiff in respect to the misrepresentation complained of, the violation of which would be actionable, is disclosed by the declaration. It is not alleged that any legal *consideration* was paid or promised by the plaintiff for the land, nor even that the purchase was ever consummated by a conveyance. The word "*purchased*," by no means implies the payment of any consideration, much less does it imply a legal consideration.

Falsehoods, however gross and malicious, are not actionable unless the party stating them owes some legal duty by contract or otherwise, to the party to whom they are made, and even then, no action can be sustained without an averment and proof of damage. The omission to allege a consideration, renders the declaration insufficient on motion in arrest. 1 Chit. Pl. 300, 379, 383, 384 ; Gould Pl. 503 ; *Elsee* v. *Gatward*, 5 T. R. 143 ; *Max* v. *Roberts*, 12 East. 89 ; *Harding* v. *Cragie*, 8 Vt. 501 ; *Needham* v. *McAuley*, 13 Vt. 68 ; *Nye* v. *Merriam*, 35 Vt. 438.

*H. H. Talcott* and *A. V. Spaulding*, for the plaintiff.

Whatever variance there was between the proof and declaration, was of a wholly immaterial matter—a matter of inducement. The averment of the derivation of defendants' title to the land they actually deeded plaintiff, is wholly unnecessary and surplus-

Curtis *v.* Burdick et al.

age, and may be omitted or stricken out, and the declaration will then state a good cause of action. Even if it was matter of description, there is another averment of description which is sufficient, to wit: " And said land is described in a deed from said defendants to the plaintiff." It is not necessary to prove every allegation in the declaration. If enough is proved to make a case, it is sufficient. The materiality of the averment is the true test of the necessity of its being proved. 1 Chit. Pl. 372, 386; 1 Phil. Ev. 708; *Skinner* v. *Grant,* 12 Vt. 456; *Hutchinson* v. *Granger,* 13 Vt. 386; *Sargeant & Birchard* v. *Page,* 43 Vt. 570; *Gotlieb* v. *Leach,* 40 Vt. 278; *Wheeler* v. *Wheelock,* 33 Vt. 144; *Allen* v. *Lyman,* 27 Vt. 20.

The gist of the action is the deceit of the defendants in pointing out land to plaintiff, and claiming to own it; whereas in truth they did not own the land so pointed out, and had no right, title, or interest therein. It can have no conceivable effect upon the plaintiff's right of recovery, or upon the statement of his cause of action, from whom the defendants derived their title to the land they proposed to sell him, and did actually convey to him by deed. The action is brought to recover damages for land and cedar trees standing thereon which the plaintiff got no title to by reason of the defendants' fraud and deceit in the premises, and not in any sense for land that plaintiff did get a title to. The whole gist of the plaintiff's cause of action, and the whole matter of complaint in the declaration, are, that the plaintiff did not get the very land and cedar trees thereon that he supposed he was buying and getting by his purchase when defendants showed them to him. The statement of the derivation of the defendants' title to the land that they owned and conveyed to the plaintiff not being in any way material to a proper statement of the plaintiff's cause of action, need not have been alleged, and being alleged, need not be proved. 1 Phil. Ev. 708.

The opinion of the court was delivered by

ROYCE, J. The request of the defendants that the court should instruct the jury that the plaintiff could not recover by reason of the variance between the proof and the declaration, was rightly

refused.  The variance complained of was not between any evidence introduced by the plaintiff and the declaration, but was between evidence introduced by the defendants and the declaration.  It is not competent for a defendant, by the introduction of evidence contradicting facts alleged in a declaration, to avail himself, as matter of law, of the benefit of such evidence as constituting a variance between it and the declaration.

The court instructed the jury that the plaintiff was entitled to recover.  It is claimed that this instruction was erroneous, for the reason that the plaintiff failed to prove an allegation in his declaration that was necessary to his right of recovery.  The *gist* of the action is, the fraudulent representations of the defendants as to the location of a certain piece of land in the town of Stannard that the plaintiff alleges he purchased of them.  The allegation that was not proved was that which described the land as " all the land and buildings thereon which were conveyed to George F. Smith and Daniel P. Smith, and by deeds dated July 16, A. D. 1867, and by said Smith to said defendants, by deed dated Oct. 12, 187–."  The rule is, that if the whole of an averment or allegation may be struck out without destroying the plaintiff's cause of action, it is not necessary to prove it; but that if the whole cannot be struck out without getting rid of a part essential to the cause of action, then, though the averment or allegation be more particular than it need have been, the whole must be proved, or the plaintiff cannot recover.  1 Chitty Pl. 372, and cases cited.

The source of the defendant's title to the land was not essential to the plaintiff's right of recovery, and the whole of this allegation might be stricken out without destroying his right of action.  It was superfluous; and that which in pleading may be rejected as surplusage, will not vitiate; and that is surplusage, the statement of which, whether in a general or circumstantial manner, is quite unnecessary to the point in question.  6 Comyns Dig. title, Pleader, 60.

It is claimed that the judgment should have been arrested because it is not alleged that any legal consideration was paid for the land, nor that the purchase was ever consummated by a legal conveyance.  The rule as laid down in 2 Tidd Pract. 60, is, that

Curtis *v.* Burdick et al.

where the plaintiff has stated his title or ground of action defectively or inaccurately (because, to entitle him to recover, all circumstances necessary in form or substance to complete the title or cause of action so imperfectly stated, must be proved at the trial), it is a fair presumption after verdict that they were proved ; and hence, that a verdict will aid a title defectively set out ; and that after verdict it will be presumed that what is expressly stated in the declaration, or is implied from the facts which are stated, was proved. This rule was approved in *Harding* v. *Cragie*, 8 Vt. 501 ; *Needham* v. *McAuley*, 13 Vt. 68 ; *Lincoln* v. *Blanchard*, 17 Vt. 464 ; *Brown* v. *Hitchcock*, 28 Vt. 452 ; and in *Hendrick* v. *Seeley* 6 Conn. 176. It is to be borne in mind that the question is not, whether the objections made would have been fatal if the declaration had been demurred to, but whether they are fatal after verdict. The court will make inferences in support of a verdict that would not be allowable upon a demurrer. The plaintiff alleges that he bargained with the defendants to buy of them a certain piece of land, and said land is described in a deed from said defendants to him, and that he purchased from said defendants the land described in said deeds. The presumption is that these allegations were proved ; and the most that can be claimed in relation to the statement of the plaintiff's title is, that it is defectively stated, and that was cured by the verdict. The word *purchased*, as used in the allegation, we understand to mean bought or acquired by paying a price ; and inasmuch as it was necessary to the plaintiff's right of recovery to prove that he gave a consideration for the land, the presumption after verdict is that this fact was proved.

Judgment affirmed.