## * STATE *v.* AUGUSTINE F. FREEMAN.

*Complaint for profane swearing.    Motion in arrest.*

1.  In a criminal proceeding upon a motion in arrest, every fact will be presumed to have been proved upon trial which is alleged in the indictment, or necessarily involved in those which are alleged.

2.  A complaint under R. L. 4254 which charges that the respondent "did profanely curse" is sufficient after verdict.

Complaint for profane swearing, based upon R. L. 4254, which came into the County Court upon appeal from the judgment of a justice.    Trial by jury at the December term, 1888, Veazey, J., presiding.    Verdict of guilty.    After verdict the respondent moved in arrest for that the complaint did not set forth with sufficient definiteness the offence.    Motion overruled and sentence imposed.

Exceptions by the respondent.

Counsel for the respondent claimed in argument to the jury that they were judges of the law, and that the words testified to were not as a matter of law profane.    The court instructed the jury that they might judge the law, and further instructed them in a manner not excepted to, what constituted profanity.

The question raised by the motion in arrest appears in the opinion..

*John H. Watson,* for the respondent.

Profane swearing was indictable at common law and R. L. 4253 simply regulates the penalty.    1 Bish. Crim. Law, Sec. 498; 2 Bish. Crim. Law, Sec. 79 ; *People* v. *Ruggles,* 8 John. 299 ; 1 Hawk. P. C. Chap. 5.

* Heard May term, 1889.

The sufficiency of this complaint must therefore be determined by the rules of the common law. 1 Bish. Crim. Pro. 600, 610; *State* v. *Benjamin*, 49 Vt. 101; *State* v. *Higgins*, 53 Vt. 191.

By those rules the indictment is not sufficient. It does not charge the offence with sufficient particularity. *State* v. *Higgins*, *supra;* 2 Bish. Crim. Pro. Sec. 123; *Rex* v. *Sparling*, 1 Str. 497; *Rex* v. *Popplewell*, 1 Str. 686.

Nor does it charge that the swearing was in the presence of any other person. 1 Bish. Crim. Law, Sec. 79.

*W. B. C. Stickney*, for the State.

It was not necessary to set forth the words which constituted the profane swearing. *State* v. *Wentworth*, 37 N. H. 222; *Commonwealth* v. *Pray*, 13 Pick. 363; *State* v. *Fogerson*, 29 Mo. 416.

The objection came too late. *Rataree* v. *Georgia*, 62 Ga. 245; *State* v. *Wentworth, supra; State* v. *Prescott*, 33 N. H. 212.

TAFT, J., delivered the opinion of the court.

The respondent stands convicted of profan cursing, and, no doubt having in mind the saying of Sir Mathew Hale, that truly excellent judge, than whom no man was more tender of life, " that more offenders escape by the over-easy ear given to exceptions in indictments, than by their own innocence," 2 Hale's P. C. 193, seeks to escape the penalty of his conviction by an alleged fault of the pleader. It is set forth in the complaint that he " did profanely curse" without setting forth the curses *verbatim et literatim.* It may be conceded that it would have been better pleading to set forth the very words, and that it is necessary to do so, was held in *Rex* v. *Popplewell*, 1 Str. 686, and *Rex* v. *Sparling, ibid* 497; but the latter case although

heard on motion in arrest, seems to have been decided upon the authority of *Colborne* v. *Stockdale* in the same volume p. 493, the question in which arose upon demurrer and therefore no authority upon the point whether the declaration was good after verdict. The prosecution insists that the allegation "did profanely curse" is sufficient after verdict, even if bad upon demurrer; whether it is, is the decisive question in the case. Was the defect cured by verdict? At common law certain defects in the declaration were cured by the verdict, and Bishop in his Dir. and For. Sec. 707*a* says the rule is the same in criminal as in civil causes, and see *Heyman* v. *Reg.*, Law Rep. 8 Q. B. 102; 12 Cox C. C. 383.

We understand the rule to be that, in support of a verdict the court will presume to have been proved upon trial any fact, the existence of which must have been involved in, or was inferable from, the proof of those which were alleged and which the verdict has found. Gould's Pl., Ch. X. Sec. 20. The pleading must contain terms sufficiently general to comprehend the presumed facts in fair and reasonable intendment or the defect will not be cured. Steph. Pl. 148. The point is, not that the necessary facts are omitted in the declaration, but that they are set forth in too general a manner, or necessarily implied from those that are alleged, and that those facts which might be doubtful upon the pleadings, are ascertained by the verdict. The rule is based upon the supposition that the facts which are not specifically alleged, are presumed to have been shown upon trial and therefore the defendant is not harmed and should not be permitted "in the last stage of a cause to unravel the whole proceedings" by an objection which might have been fatal if early interposed. The rule has been extended by the statutes of amendments and jeofails, to certain defects in civil cases not reached by the common law rule; and Blackstone says the statutes "cut off those superfluous niceties which so long had disgraced our courts."

Blackstone states the common law rule accurately, but the two examples adduced to illustrate the principle, are instances of defects aided after verdict by the statute of jeofails. See *Stennet* v. *Hogg*, 1 Saunders 228, note 1, in which the annotator says " it becomes necessary therefore in order to ascertain the nature of the defects which are aided after judgment by default since the statute of Anne, to distinguish with accuracy such imperfections as are cured by verdict by the common law, from those which are now remedied by the several statutes of jeofails. The common law rule is this, that after verdict the court will presume that every fact was established that it was necessary the plaintiff should prove to entitle him to recover, if it is alleged in the declaration or necessarily implied from what is alleged. In speaking of this rule Collamer, J., in *Needham* v. *McAuley*, 13 Vt. 68, says " the law on this subject is quite clear; but in its application the decisions can hardly be reconciled." The question has been discussed and the rule stated in some cases in this state in which the allegation was held sufficient, therefore the question, whether a defect in the declaration was cured by verdict could not arise, there being no defect, and the statements of the rule by the court are in those cases, *obiter.* Such are the cases of *Keyes* v. *Throop*, 2 Aik. 276; *Durrill* v. *Lawrence*, 10 Vt. 517; *Morey* v. *Homan, ibid.* 565; *Manwell* v. *Manwell*, 14 Vt. 14; *Parlin* v. *Bundy*, 18 Vt. 582 ; and on one point, that of alleging a consideration, *Lincoln* v. *Blanchard*, 17 Vt. 464, and *Ammel* v. *Noonar*, 50 Vt. 402 ; and such are the last two questions in *Fuller* v. *Fuller*, 4 Vt. 123, and we so understand the case of *Battles* v. *Braintree*, 14 Vt. 348, the court saying the count contained the substance of a good declaration. In an action of assumpsit, if no consideration is stated in the declaration, the defect is not cured by verdict, for one cannot be implied from what is stated. *Vadakin* v. *Soper*, 1 Aik. 287; *Harding* v. *Cragie*, 8 Vt. 501. In assumpsit for goods sold, if no sale is alleged, judgment will be arrested after verdict, for no cause of

action is stated. *Needham* v. *McAuley, supra.* A familiar application of the rule is made in those cases when a consideration, a writ, or a deed is alleged imperfectly it will be presumed that a specific consideration was shown, or that the writ or deed, was a legal one. *Martin* v. *Blodgett,* 1 Aik. 375; *Lincoln* v. *Blanchard, supra.* And so in respect of the general allegation of time, after verdict, it will be presumed that the correct time when material was shown, and it being a defective allegation, not the want of one, after verdict the general allegation is sufficient, comprehending the specific one. *Hill* v. *New Haven,* 37 Vt. 501; *Ammel* v. *Noonar, supra.* There are other Vermont cases in which it is held that a specific allegation is included in a general one. *Wetherbee* v. *Foster,* 5 Vt. 136, was an action against a sheriff for neglect in levying an execution. The plaintiff alleged that there was turned out sufficient personal property to satisfy the execution. It was held that the want of a specific description of the property was cured by verdict, for the jury could not have found a verdict without satisfactory evidence of specific articles. In *Curtis* v. *Burdick,* 48 Vt. 166, the plaintiff alleged he purchased land without alleging that he had paid for it. It was incumbent upon him to show that he had paid for it; the court presumed that it was so shown; that the allegation of purchase included the one that he had paid for it, as purchase means to buy or acquire by paying a price. In *Gates* v. *Bowker,* 18 Vt. 23, the plaintiff averred he was a merchant, and after verdict it was insisted that the proof did not show him to be a merchant in the technical sense of that term, but a mere retail dealer; but the court presumed that it was shown he was a merchant in that sense that justified a recovery. In *Newton* v. *Brown,* 49 Vt. 16, the general allegation of a conspiracy to cheat and swindle and defraud by false and fraudulent representations was held sufficient after verdict, as it should be presumed the particular acts constituting the conspiracy and representations were shown. In *Brown* v. *Hitchcock,* 28 Vt. 452, the court said the declaration was bad on

demurrer but good after verdict, but what the defect was does not appear. In State v. *Harrington,* 58 Vt. 181, it was held that the averment of the defendant's knowledge of the relationship with his daughter was contained by implication in the averment used, and so it was presumed to have been proved on trial; the other points in that case made under the motion in arrest were ruled for other reasons. In an action upon a warranty of a horse, *Martin* v. *Blodgett, supra,* the declaration averred that the horse was unsound, but did not allege in what respect; upon motion in arrest the court said, "This objection would have been fatal on demurrer but is cured by verdict. The jury could not have found a verdict for the plaintiff without finding what the unsoundness was." In *Curtis* v. *Belknap,* 21 Vt. 433, it was held after verdict that a reference in one count, to facts as alleged in other counts, was good; it was a defective setting forth of the facts and clearly within the rule. The plaintiff in *Blanchard* v. *Murray,* 15 Vt. 548, sought to recover the amount of an award and the fees of the arbitrators, with no averment that he had paid the fees. The question under discussion was made, but the court said it did not arise on the motion in arrest. The reason is not given, but the case does not show that the arbitrators' fees were included in the verdict, and without such showing the question could not have been raised. The first two points in *Fuller* v. *Fuller, supra,* were instances of an allegation of a specific character being included in a general one, for it was alleged that Sherman owned the land together with carding and picking machines, subject to a mortgage; it was ruled after verdict that the description of the machines and mortgage was sufficient, and it was presumed that upon trial the particulars of the same were shown. .

The question arose in *Bliss* v. *Arnold,* 8 Vt. 252, as to the necessity of stating a special demand when one was necessary to be shown to enable the plaintiff to maintain his action. Williams, Ch. J., says: "It is true the want of stating a special demand, when it is necessary, has been holden bad on general dermurrer

and it has been decided that it would not be aided by a verdict. The authority of those cases is questionable, and in the case of *Bowdell* v. *Parsons*, 10 East 359, the want of alleging such a request, was held not a sufficient objection in arrest of judgment." In this last case however the judgment was by default when the common law rule is never applied, for no trial having been had nothing can be presumed proven on trial, and the case was ruled under the statute 4 Anne C. 16. The learned Ch. J. was in error in stating that the question arose in the case, for the point made was not that no special request was made, but that no venue as to the time and place of request was laid. The case last cited is therefore no authority upon the question before us, but we think the case of *Bliss* v. *Arnold* rightly decided for a general request was alleged, and after verdict it should be presumed that a special request was shown. When no cause of action is stated, judgment is arrested notwithstanding the verdict, as in an action of slander if no words are set out as having been spoken. *Haselton* v. *Weare*, 8 Vt. 480. We do not think the Vermont cases on this question are at all irreconcilable. An English case which well illustrates the rule is *Baldwin* v. *Elphinston*, 2 Wm. Bl. 1037, an action for printing and causing to be printed a libel. After verdict the court said: "In short, the count does not state generally as it might have done that the libel was published, but it expresses the particular mode of publication, viz: By printing in a newspaper. It thereby puts the publication in issue and the jury have found it so. Judgment affirmed." An Indiana statute imposed a penalty upon one who did profanely swear, aver, curse, or imprecate by or in the name of God. A defendant pleaded as a justification for the arrest of the plaintiff upon a mittimus, that as a justice of the peace, he fined the plaintiff for profanely swearing three several oaths by taking the name of God in vain. Objection was made that the pleas did not describe the offences so as to show them to be finable under the statute. The court said "objection not sustainable." *Odell* v.

*Garnett*, 4 Black. (Ind.) 549. In a later case in the same state the question arose under a statute imposing a penalty upon any one who "entices or takes away any female of previous chaste character from wherever she may be to a house of ill-fame or elsewhere, for the purpose of prostitution," etc. The respondents were convicted of having taken "one Almeda Q. Waters, a female of chaste character, then and there being, to the city of Indianapolis." The court upon motion in arrest say: "The charge is that they enticed her away from the city of Muncie, in the county of Delaware, to the city of Indianapolis, in the county of Marion. No particular house or place in the city of Indianapolis is designated or described. In our opinion, this affidavit and information would not have been sufficient to withstand a motion to quash, had such a motion been interposed in the Circuit Court. The appellants were entitled to a more particular description of the place to which the person named was enticed, had they insisted upon such a description. * * * * * * The charge is that the female named in the information was enticed to the city of Indianapolis, and under this charge we think the state might have proven the particular house or place to which she was enticed, and that such house or place was like unto a house of ill-fame. As we have seen the evidence is not in the record, and we have no means of knowing its character. We think the affidavit and information in this case contain all the essential elements of a public offence; but they are defective by reason of the uncertainty and imperfection in the manner of describing the place to which the female was enticed. As we have seen such imperfection will not warrant the court in arresting the judgment on motion." *Nichols* v. *State*, 127 Ind. 406, (26 N. E. Rep. 839.)

Ought the respondent to be permitted at this time to make this objection? We think not. It is said in *Rex* v. *Sparling*, *supra*, that the reason why the words should be set forth is, that what is a profane oath or curse is matter of law, and it is a mat-

ter of great dispute among the learned what are oaths and what are curses ; and what is matter of law ought not to be left to the judgment of the witness. It certainly ought not to be, and in the trial below it was not, for what the words used were, was in evidence and in issue, and whether as matter of law they were profane curses or not was left, as the respondent claimed it should be, to the jury. The respondent claimed that the jury were judges of the law and the court instructed them that they had the power to judge of it, and gave them suitable instructions as to what constituted profane curses, in a charge not excepted to. The respondent evidently was not satisfied with the judgment of the court in respect of the law, but insisted that the jury should pass upon both law and fact, and they were permitted to do so ; if they judged correctly, he is not harmed, if erroneously, as it was a matter of his own seeking, he should not now be permitted " to unravel the whole proceedings " to be relieved from a misfortune which he has brought upon himself. If he was erroneously convicted, it is only another instance of "the engineer hoist with his own petard."

*We think there was no error in the proceedings, the respondent takes nothing by his exceptions, and execution of the sentence is ordered.*

Ross and Veazey, JJ., concur.