Margin note: *Addison,* January, 1826. Durfey *vs.* Hoag *et al.*

---

PHILIP VADAKIN, defendant below, *vs.* HENRY SOPER, plaintiff below.—*IN ERROR.*

Margin note: *Addison,* January, 1826.

An indebtedness to three jointly, is not a sufficient consideration, to support a promise to one separately, for his portion of the debt, either express or implied.

Defects in a declaration merely formal, are cured by verdict, and so are many which would be reached by a general demurrer.

The omission of that which must necessarily be presumed to have been proved on trial, is not cause of arrest.

But, nothing is presumed to have been shown, but what is expressly stated, or *necessarily* implied from facts which are stated.

There can be no presumption, from the fact that a *promise* was proved, for which no consideration, (or an insufficient one) is alleged, that a *consideration* was proved, or that any *other* consideration was proved, than that which is stated.

The defendant below was attached to answer to the said *Henry Soper*, in a plea of the case, for this, to wit, that whereas at said *Bristol*, on the 8th day of July, 1820, the defendant was indebted to the plaintiff, and one *Enos Soper* and *Uriah F. Arnold*, in the sum of $81,14, as the balance due them as the con-

*Addison,*
January,
1826.

Vadakin
*vs.*
Soper.

sideration of the purchase before that time made by the said *Philip* of the said plaintiff, *Enos* and *Uriah*, of a certain piece or parcel of land in said *Bristol*, as also the privilege of drawing water from the pond of the mill, called the Stone mill, in said Bristol, then the property of the plaintiff, said Enos and Uriah, sufficient to carry a fulling mill; and afterwards, to wit, at said Bristol, on the day and year last aforesaid, in consideration thereof, assumed upon himself, and to the plaintiff faithfully promised to pay him, his, the plaintiff's share or third part of said debt, to wit, the sum of $27,04, when he the defendant should he thereto afterwards requested : yet, &c.

Plea, *non assumpsit*, and verdict for the plaintiff; whereupon this writ of error was brought, and the following errors were assigned.

1. That the declaration aforesaid, and the matters therein contained, are not sufficient in law, for the said *Henry*, to have and maintain his aforesaid action thereof, against the said *Philip*.

2. The *common error*.

*Chipman*, for the plaintiff in error. The declaration, in this case, is *indebitatus assumpsit*. The indebtedness stated is to three, and could only raise a promise to the three, not to one.

There is no consideration for the promise to pay the plaintiff his third part. It is a settled principle, that a promise to pay an existing debt, is *nudum pactum*, and void, unless the prior debt be discharged, or the right of action on it suspended.—1 *Dane*, *Chap.* 1, *Ar.* 41, *sec.* 3.

In this case, the right of action in favour of the three, was neither discharged nor suspended by the alleged promise.

But one joint creditor, separately, can maintain no action against the debtor, either for his part, or for the whole.

*Bates*, for the defendant in error, contended, that this defect is cured by the verdict.

One distinction as to what defects are or are not cured by verdict has been well stated as follows. The total omission of any material fact which is no way connected with any fact alleged is not aided by verdict. But when material facts are entirely omitted, if they are necessary concomitants of any material facts alleged in the declaration, so that in finding the facts alleged, the jury must necessarily have found the facts omitted, the defect is cured by the verdict. [1 *Day's cases*, 186, *note.*— 1 *Term Rep.* 145, *Spiers* vs. *Parker, Buller's opinion.—Cowp.* 827. *Avery* vs. *Hoole.*] Now in this case, the jury never could or would have found the facts that the defendant made this sole promise in consideration of the joint debt, according to the allegations in the declaration, unless they were satisfied by the proof that the joint debt was discharged.

Indeed, evidence that one joint debtor offered to become a sole debtor for his share, and that the creditor accepted the offer, is in itself evidence that the joint debt was discharged, and

*Addison,*
*January,*
*1826.*

Vadakin
*vs.*
Soper.

these facts the jury must have found in order to support the declaration.

The opinion of the Court was delivered by

SKINNER, Ch. J. The ground upon which the plaintiff in error relies for reversing the judgment, is the insufficiency of the declaration, in this, that there is no consideration alleged to support the promise declared upon. The consideration upon which the plaintiff below avers the promise to have been made, is a pre-existing debt, due from the defendant to the plaintiff and two other persons jointly, for certain lands and water-privileges, purchased of them by the defendant: the balance of debt then due, he avers to be eighty-one dollars and fourteen cents, of which he claims the one third, viz. twenty-seven dollars four cents. There is nothing in the record from which it may be determined, whether the plaintiff below relied upon an express or implied promise. The declaration is correctly framed for either, and from the view taken of the case, it is immaterial, for we believe the facts stated are not sufficient to subject the defendant, upon an undertaking express or implied. This is not a promise in consideration of *forbearance,* nor is it a promise in consideration of a *discharge* or *release* of the joint demand, or any part thereof. It does not appear to have been founded upon any thing *beneficial* to the defendant, or *prejudicial* to the plaintiff; and indeed there is nothing in the declaration that shows a *mutual* agreement of the parties, or any promise to which the plaintiff assented, or upon which he was bound to rely. There are no *facts* stated in this declaration that would constitute any defence to a joint action upon the joint demand; and if a recovery could be had in such action, surely none can be had in this. If the party was permitted here to recover the sum claimed, he must yet join the other creditors in a suit for the balance. But the ground upon which the plaintiff below principally relies in the case is, that the defect is cured by verdict. Defects merely formal are aided by verdict; and many defects which would be reached by general demurrer, are also cured by verdict. The omission of that which must necessarily be presumed to have been proved on trial, is not cause of arrest; but nothing is presumed to have been shown, but what is expressly stated in the declaration, or necessarily implied from those facts which are stated. There can be no presumption that in proving a *promise,* for which no consideration is alleged, that a consideration was proved, or that any other consideration was proved than that which is stated. 1 *Sal.* 364.

Judgment, therefore, must be reversed, &c.

*Horatio Needham* and *Daniel Chipman,* for the plaintiff in error.

*Jos. C. Bradley,* and *R. B. Bates,* for the defendant in error.