## JOHNSON v. GREENOUGH.

A declaration in assumpsit that the defendant, on the day of the purchase of the writ, was indebted to the plaintiff in the sum of sixty-dollars, balance of account, and being so indebted, after, to wit, on the same day, promised to pay, is bad, as setting out a promise founded on a past consideration.

A judgment rendered in such case upon default, without an assessment of damages upon enquiry by the court, or upon the verdict of a jury, is erroneous, and, upon error brought, the declaration cannot be amended, and the judgment being reversed, no other judgment can be rendered in the action.

ERROR to the court of common pleas, to reverse a judgment rendered in an action of assumpsit, in favor of the defendant in error, original plaintiff against the plaintiff in error.

The declaration in the original action contained two counts, one being a special count upon a promissory note ; the other, general *indebitatus assumpsit*, as follows : " Also for that the said defendant, at, &c., on the day of the purchase of this writ was indebted to the plaintiff in the sum of sixty dollars, balance of account, according to the account hereto annexed, *and after*, to wit, on the same day, promised the plaintiff to pay him the same when thereto afterwards he should be requested."

The account annexed to the writ is as follows :

DAVID JOHNSON TO E. F. GREENOUGH.

1853.   *Oct.* 19.   To balance of accounts and interest, $268.00
                        *Cr.*  By your account,                  208.00
                                                                 ————
                                                                 $60.00

The action was defaulted, and judgment rendered generally upon the default, for sixty dollars damages, and costs.   No other specification appears to have been filed in the case, and the record does not set forth an assessment of damages by a jury or by the court.

The errors assigned are, that the second count ·is insufficient in this, that it does not set forth any consideration for the promise alleged, and that, if in fact any consideration is set forth, it is a past consideration, which is not alleged to have arisen at the request of the defendant.

Johnson *v.* Greenough.

To the assignment of errors the defendant in error pleaded *in nullo est erratum.*

*Flint,* for the plaintiff in error.

I. No consideration is properly alleged for the promise set forth in the second count of the declaration. *Hemmenway* v. *Hicks,* 4 Pick. 497 ; *Rann* v. *Hughes,* 7 Term 350, and note.

A past consideration is not sufficient, unless alleged to be at the request of the defendant. *Hayes* v. *Warren,* 2 Strange 933 ; *Jewett* v. *Somersett,* 1 Greenl. 125, 128 ; *Comstock* v. *Smith,* 7 Johns. 87 ; *Barker* v. *Halifax,* Cro. Eliz. 741 ; *Jeremy* v. *Goochman,* Cro. Eliz. 442.

II. The account annexed to the writ is bad, no cause of action being specified. *McQueston* v. *Young,* 1 Foster 462.

No judgment could legally be taken upon this count without a specification and assessment of damages. *Hadcock* v. *Clement,* 12 N. H. 73.

III. If one count in the declaration is bad, the judgment must be arrested. *Dartnall* v. *Howard,* 4 B. & C. 345 ; 1 Chit. Pl. 205 ; *Dryden* v. *Dryden,* 9 Pick. 546 ; Howe's Practice 262 ; *Hancock* v. *Haywood,* 3 Term 433 ; *Bachus* v. *Richardson,* 5 Johns. 476.

This declaration cannot be amended. *Rowell* v. *Bruce,* 5 N. H. 381.

The evidence on which the assessment of damages is made is filed with the clerk, and becomes a part of the record. *West* v. *Whitney,* 6 Foster 315.

It is error to enter judgment without assessment of damages. 5 Dig. 228, sec. 243.

On the reversal of judgment, the court here render such a judgment as the court below, on the record, as it there stood, should have rendered. *Favor* v. *Philbrick,* 5 N. H. 467 ; *Beckley* v. *Newcomb,* 4 Foster 359.

*Bartlett,* for the defendant in error.

I. — 1. In our practice, existing indebtedness on account is a

sufficient consideration. A continuing consideration is here laid. *Webb* v. *Baker*, 7 A. & E. 843 ; *Smith* v. *Ferguson*, 2 Carter 455 ; *Haggarty* v. *Wood*, 6 Blackf. 292 ; Lawe's Ass. 436, 433 ; *Edwards* v. *Nichols*, 3 Day 17 ; *Adams* v. *Tyringham*, 3 Mass. 160 ; *Huntingdon* v. *Todd*, 3 Day 465. The promise is to pay " the same ;" that is, the balance due on account.

Though defective on special demurrer, the second count sets out a promise and good consideration. It can be understood by the court. Comp. Stat. 480, sec. 10 ; *Rowell* v. *Bruce*, 5 N. H. 381.

2. This count, though defective, will sustain a judgment, if the damages are assessed. *McQueston* v. *Young*, 1 Foster 462.

The court may assess damages. Comp. Stat. 480, sec. 3 ; *West* v. *Whitney*, 6 Foster 315 ; *Bowman* v. *Noyes*, 12 N. H. 307. There is no averment that they did not, and it is to be presumed that they did. *Jarvis* v. *Blanchard*, 6 Mass. 4.

There is no complaint that the judgment was for an improper sum.

3. This defect is a mere *irregularity* in not filing a specification with the clerk. Colby's Practice 293. And it is to be corrected by application to the court below. *Shelton* v. *Welsh*, 7 Leigh 175 ; 5 Dig. 228, 243.

II. It appearing that the plaintiff has a good cause of action, if this court cannot render judgment the case will be remanded to the court below. *Beckley* v. *Newcomb*, 4 Foster 363 ; *Barker* v. *Graves*, 17 Vt. 290 ; *Dewitt* v. *Post*, 11 Johns. 460 ; *Flower* v. *Allen*, 5 Cow. 654 ; *Crawford* v. *Howard*, 30 Me. 422 ; *Porter* v. *Rumney*, 10 Mass. 67 ; *Favor* v. *Philbrick*, 5 N. H. 477.

SAWYER, J.* It is very clear that the second count is defective. The allegation is that the defendant, on a certain day, was indebted, and after, promised to pay. This subsequent promise is upon a past consideration, and, unless the consideration be of

* PERLEY, C. J., did not sit.

such character that of itself it imports a previous request, it is not sufficient to sustain a promise, without an allegation that it was moved at the instance and request of the defendant. The consideration here set out is, in general terms, an indebtedness for the balance of accounts, without a specification of any item of the account on either side. The doctrine that a precedent debt or promise from one party cannot of itself form a sufficient consideration for a promise by the other, is sustained by numerous authorities, ancient and modern, English and American. *Hopkins* v. *Logan*, 5 M. & W. 241 ; *Kaye* v. *Dutton*, 7 M. & G. 807 ; *Victors* v. *Davies*, 12 M. & W. 758; *Beaumont* v. *Reeve*, 8 Queen's Bench 483, 55 En. C. L. R. ; *Eastwood* v. *Kenyon*, 11 Ad. & El. 438 ; *Vadakin* v. *Soper*, 1 Aik. 287 ; *Russell* v. *Buck*, 11 Vt. 176 ; *Barker* v. *Bucklin*, 2 Den. 59 ; *Comstock* v. *Smith*, 7 Johns. 88 ; *Dearborn* v. *Bowman*, 3 Metcalf 155.

The principle to be extracted from the cases is, that when the consideration is executed, an express promise, without an express previous request, can in no case furnish a cause of action ; and when it is preceded by an express previous request, then only where the law implies no other promise.

In *Hunt* v. *Bate*, Dyer 272, the servant of the defendant was arrested, and released upon the plaintiff's becoming his bail. This was done by the plaintiff as an act of friendship for the master, and without his request. Afterwards the master promised the plaintiff to save him harmless. The plaintiff, having been made liable as bail, brought his action against the master upon his promise to indemnify ; and a verdict having been returned for the plaintiff, upon the general issue pleaded, the defendant moved in arrest of judgment that the action did not lie ; and it was so adjudged, because, says the report, " there is no consideration wherefore the defendant should be charged for the debt of the servant, unless the master had first promised to discharge the plaintiff before the enlargement and main prize made of his servant ; for the master did never make request to the plaintiff for his servant to do so much, but he did it of his own head."

A case more directly in point is *Hayes* v. *Warren*, 2 Strange 933, cited for the plaintiff in error.

That was error to reverse a judgment of the Common Bench, in case upon several promises after judgment by default, and entire damages. It was objected that the fourth count set out a promise upon a past consideration, it being alleged that the defendant, being indebted for work and labor done by the plaintiff for the defendant, on a day certain, *postea*, on the same day, in consideration thereof promised to pay, and that this consideration not being laid to be done at the request of the defendant, it was not sufficient in law to raise an assumpsit. For the original plaintiff it was insisted that this was not to be taken as a past consideration, because the work and promise were both laid on the same day, and the law makes no fractions of a day. It was further contended, that it appeared to be at the request of the defendant, it being laid to be done *for* him, and that the defendant *proinde* deserved from the plaintiff so much. *Sed per curiam*, "it does not appear that the work was for the benefit of the defendant, and we must take it to be a past consideration, it being laid that, *postea*, he promised to pay."

In *Livingston* v. *Rogers*, 1 Caine 583, the declaration was assumpsit on mutual promises, setting out that the defendant, in consideration that the plaintiff had, at the request of the defendant, promised to perform, on his part, afterwards, to wit, on the same day, promised, &c., and, upon verdict found for the plaintiff, judgment was arrested. In considering that case the question whether, the promise being laid after consideration, but under a *videlicet*, on the same day, was to be regarded as laid upon a past consideration, received a full examination from *Kent*, J., by whom the opinion of the court was delivered, and the consideration so laid was held to be executed.

There is, then, no cause of action set out in the second count, and the judgment, being rendered generally, is erroneous.

If damages are assessed generally, under a declaration containing two counts, one of which is bad, judgment must be for the defendant. *Elsa* v. *Gateward*, 5 T. R. 143; 3 Wils. 185; *Blanchard* v. *Fiske*, 2 N. H. 398.

On reversal of the judgment, this court will render such judgment as the court below should have rendered upon the record, as it there stood ; subject, however, to such amendments as are admissible after judgment and error brought.

It is said, in *Rowell* v. *Bruce*, 5 N. H. 381, that the kind of amendments admissible after judgment are such as relate to mistakes of the clerk in making up the judgment, remitting a part of the damages, correcting the verdict by the notes of the judge who tried the cause, and the like ; all of them amendments for the correction of such errors as may be corrected upon an inspection of the record by the unaided action of the court, without further proceedings by the party, without the intervention of a jury, and without the examination of evidence *dehors* the record. In that case *Richardson*, C. J., says : " We are not aware of any rule of law which admits an amendment after judgment, or even after verdict, to supply the want of a material allegation in the declaration."

But if the amendment were admissible, it could be made only in the court of common pleas. The record is there, and this court cannot alter the records of that ; and we are not aware of any practice or principle of law which will warrant this court in remanding this cause to the court below for further proceedings, as in cases proper for the award of a *venire de novo*.

*Judgment reversed.*