Society, &c.
*vs.*
Ballard et al.
</div>

---

<div style="text-align:center">

## Austin Fuller *vs.* Jacob Fuller.

</div>

<div style="text-align:right; font-style:italic">
Franklin,
January,
1832.
</div>

Where, in an action on the statute to prevent fraudulent and deceitful conveyances, the declaration alleged *that one E. S. on, &c., owned and possessed certain lands and tenements, and goods and chattels, to wit,* [describing the land,] *together with the carding machines, picking machines and clothier's tools, in and upon the premises, subject to a mortgage incumbrance,* alleging that *the whole property was of a certain value,*—it was held, that the declaration, though defective for not expressly averring, that there were carding machines, &c., in and upon the premises, and the value thereof separate from the land, and the amount of the incumbrance, was nevertheless good after verdict.

In such case it is not necessary to aver that the personal property, alleged to have been fraudulently conveyed, had been *delivered* to the defendant; as the conveyance would be fraudulent, within the meaning of the statute, without a delivery.

The declaration in such case need not conclude *contra formam statuti.*

Where an act is an offence at common law, and there is a statute prohibiting the same offence, and annexing a penalty or forfeiture, it is not necessary, in declaring for the penalty, to allege that the acts constituting the offence, were done *against the form of the statute.*

This was an action *on the case,* brought on the statute to pre-

FRANKLIN, January, 1832.

Fuller
*vs.*
Fuller.

vent fraudulent and deceitful conveyances, (chap. 32, s. 7,). The declaration was as follows :

" The defendant is attached to answer unto *Austin Fuller,* who sues as well for himself, as also for the county treasurer of said county of Franklin, in a plea of *trespass on the case,* for that whereas, by the 7th section of a certain act, or statute law of this state, entitled " an act for the punishment of certain inferior crimes and misdemeanours," passed by the legislature on the 15th day of November, A. D. 1821, at the annual session thereof holden at Montpelier, it stands enacted, ' That all fraudulent and " deceitful conveyances of goods or chattels, and all bonds, bills, " notes, contracts and agreements, and all suits, judgements and " executions, made or had, to avoid any right, debt or duty, of " others, shall, as against the party or parties only whose right, " debt or duty, is endeavoured to be avoided, their heirs, execu- " tors, administrators or assigns, be utterly null and void ; any " false pretence, or feigned consideration, to the contrary notwith- " standing. And every of the parties to such fraudulent and de- " ceitful conveyances of goods or chattels, bond, bill, note, con- " tract, agreement, suit, judgement, or execution ; or any convey- " ance of lands, houses, tenements or hereditaments, made with " like fraudulent intent, who being privy thereto, shall justify the " same to be made, had or executed, *bona fide,* and upon good " consideration ; or shall alien or assign any houses, lands, tene- " ments or hereditaments, so to him, her or them, conveyed, as " aforesaid, shall forfeit the full value of such houses, lands, tene- " ments or hereditaments, and the full value of such goods or " chattels ; also so much money as shall be contained in such " covinous bond, bill, note, contract or agreement ; which forfeit- " ures shall be equally divided between the party aggrieved, and " the county treasurer, for the use of the county, to be recovered " by an action on the case, brought on this statute.' And whereas, heretofore, to wit, on the 23d day of May, A. D. 1827, at Montgomery, in said county, to wit, at Enosburgh, aforesaid, one Ezra Sherman, junior, of Montgomery, in said county of Franklin, was, and ever since hath been, and still is, justly indebted to the said *Austin Fuller* in a large sum of money, to wit, the sum of four hundred and twenty three dollars and eighty seven cents, and the interest thereon since the 11th day of January A. D. 1827, specified in two certain promissory notes, duly executed by the said Ezra Sherman, jun. to the said *Austin Fuller,* and bearing date on the said 11th day of January, A. D. 1827, one for the sum of $232, payable in neat cattle, over four years old, and under eight years old, (bulls, stags and cows excepted,) to be delivered at the house of the said *Austin,* (meaning the dwelling house of the said *Austin* in Enosburgh aforesaid,) in the month of October next, after the date of said note, with interest ; and the other for the sum of $191,87, payable in good rye and corn in the month of January next after the date of said note, delivered at the said *Aus-*

FRANKLIN,
January,
1832.

Fuller
vs.
Fuller.

*tin's* mills, (meaning at the mills of said *Austin* in Enosburgh aforesaid,) with interest :—*And whereas on the said 23d day of May, A. D.* 1827, *the said Ezra Sherman, jun. owned and possessed the following described lands, and tenements, and goods and chattels, lying and being in Montgomery aforesaid, to wit, one piece, &c.,* [particularly describing the premises,] *together with the carding machines and picking machines, with all the clothier's tools in and upon said premises, subject to a mortgage or incumbrance upon part or all of said premises,to one Martin D.Follett,jr. And the said Austin Fuller in fact says, that the estate and interest of the said Ezra in and to the premises aforesaid, and the goods and chattels aforesaid, on the 23d day of May,* 1827, *was of great value to wit, nine hundred dollars,* to wit, at Montgomery aforesaid. And the said Ezra afterwards, on the same 23d day of May, A. D. 1827, to wit, at Montgomery aforesaid, fraudulently and deceitfully, and with intent to defraud the said *Austin* of his said demands against the said Ezra, and altogether to defeat and avoid the same, by his certain deed of conveyance, executed in due form of law, bearing date the same day and year last aforesaid, for a pretended and feigned consideration of 700 dollars, conveyed the real estate, and the goods and chattels before mentioned,to the said *Jacob Fuller*. And the said *Austin,* further says, that the said *Jacob,* then and there, accepted and received said conveyance from the said Ezra, and was then and there privy to the same, and had full notice of said fraudulent and deceitful intent and purpose of the said Ezra therein. And the said *Austin* further says,that the said *Jacob,* so being privy to said fraudulent and deceitful conveyance, as aforesaid, and with notice of such fraudulent intent of the said Ezra, as aforesaid, afterwards, to wit, on the day and year, aforesaid, to wit, at Montgomery, aforesaid, and at sundry other times thereafter, did justify said conveyance to be made, had, and executed, *bona fide,* and upon good consideration. And the said *Austin* further says, that the said *Jacob,* afterwards, to wit, on the 20th day of October, A. D. 1827, to wit, at Montgomery aforesaid, so being privy to said fraudulent and deceitful conveyance, as aforesaid, by his certain instrument and deed of conveyance, executed in due form of law, in consideration of a large sum, to wit, $900, did alien and convey said premises to one Cyrus Larkin. By means of all which the said *Austin* hath been greatly aggrieved, hindered and delayed,and wholly defrauded of his said debt against the said Ezra, to wit, at Enosburgh aforesaid. To the damage of the said *Austin,* as he says, one thousand dollars.—Wherefore, to recover the forfeiture incurred by the said *Jacob,* by force of the statute aforesaid, to wit, the value of the estate and interest of said Ezra in and to the said lands and tenements aforesaid, and the goods and chattels aforesaid, at the time of the fraudulent and deceitful conveyance by him to the said *Jacob,* as aforesaid, which the said *Austin* avers was the sum of $900, and just costs, the said *Austin* brings this action on the case upon the statute aforesaid, as well for himself as also for the county treasurer aforesaid."

FRANKLIN,
January,
1832.

Fuller
vs.
Fuller.

To this declaration the defendant pleaded the general issue, *not guilty*, which was tried by jury before the county court, at their April term, 1830, when the jury returned their verdict for the plaintiff to recover of the defendant the sum of $240 damages, and his costs. Whereupon the defendant filed his motion in arrest of judgement, and assigned the following causes : 1st. That there was no sufficient averment in the declaration, that there were carding machines, picking machines, and clothier's tools, on the premises conveyed ; nor of their number, quality, or value. 2d. That there was no sufficient averment of the amount of the mortgage on the premises at the time they were conveyed. 3d. That it did not appear there was any delivery of the personal property, without which there could not have been any valid transfer to affect creditors. 4th. That the declaration ought to have concluded, *against the form of the statute in such case made and provided ;* or to have some where alleged that the offence was committed *against the form of the statute.*

The county court overruled the motion in arrest, and rendered judgement on the verdict for the plaintiff to recover the damages aforesaid, and his costs, taxed and allowed at $220,65. To all which the defendant excepted ; and the case was reserved for the opinion of this Court.

*Aldis and Davis, for the defendant.*—In declaring for offences against a penal statute, where no form is given, the plaintiff must set forth specially and unequivocally the facts on which he relies to constitute the offence.—*Bigelow vs. Johnson,* 13 *Johns. Rep.* 428. In the case under consideration, it is not alleged what was the amount of the mortgage on the premises, nor what was the value of the personal property conveyed. Both of these facts ought to have been particularly stated, that it might be ascertained with certainty what the value of each species of estate was.

It does not appear there was any delivery of the personal property, nor any change of possession whatever. For aught that appears, Sherman remained in possession of it, after the conveyance, and exercised acts of ownership over it, in the same manner as before. If so, how could the plaintiff have been defrauded ? He need not have paid any attention to the conveyance ; but might have attached it afterwards as well as before the conveyance to defendant. As to the personal property, then, the plaintiff has no cause of action. It is not a case of title defectively stated ; but a case of defective title, and is not cured by verdict.

FRANKLIN,
January,
1831.

Fuller
vs.
Fuller.

Where the plaintiff totally omits to state his title or cause of action, it need not be proved at the trial; and therefore, there is no room to presume that all the circumstances necessary to entitle him to recover were proved. In the present case it was not requisite for the plaintiff to have proved such a delivery and change of possession of the personal property as would constitute a transfer which would affect creditors, because such a transfer is not alleged in the declaration. But if it could be presumed that those circumstances were proved which would make the conveyance valid as to creditors, we say, no proof at the trial can make good a declaration which does not contain a good ground of action on the face of it.—*Rushton* vs. *Aspinall*, 2 *Doug*. 683.

In actions brought on penal statutes, the declaration must conclude *against the form of the statute in such case made and provided*, or some where allege that the offence was committed *against the form of the statute;* and the omission of these words is fatal. The present declaration, it will be seen, is defective in this particular.—1 *Chit. Pl.* 357–8; *Lee* vs. *Clark*, 2 *East Rep.* 333.

*Hunt and Beardsley, for plaintiff.*—1. The plaintiff insists that the defects complained of in the declaration, though fatal on special demurrer, are cured by the verdict. A verdict aids a title defectively set forth. Wherever there is a defect or omission, which would have been fatal on demurrer, yet if the issue joined be such as necessarily required proof of the facts defectively stated or omitted, such defects, or omissions are cured by the verdict.— 11 *Johns. Rep.* 141; 2 *Johns. Rep.* 550; 5 *Mass. Rep.* 306; 4 *Con. Rep.* 196; 1 *Day*, 186, *note*; 9 *Mass. Rep.* 198; 12 *Mass. Rep.* 505; 3 *Pick. Rep.* 225; 4 *Johns. Rep.* 237; 15 *Johns. Rep.* 250; 1 *Aik. Rep.* 287; *Cowp. Rep.* 827; 2 *Com. Law Rep.* 155; 2 *Salk. Rep.* 459; 5 *Com. Law Rep.* 422.

2. The principal objection which the defendant has raised to the declaration, is, that it does not conclude with the technical allegation *contra formam statuti*. In considering this objection it becomes important to ascertain the object and purpose of such an averment, and to examine into the nature of that class of cases in which it has been considered indispensable. The object of the averment, *against the form of the statute*, as we understand it, is merely to show that the action is brought on the statute, and that this may be shown by any other allegations, which in substance have the same import. In all cases, where an action is founded on a statute, only, it is, to be sure, indispensible to show, that the

FRANKLIN,
January,
1832.

Fuller
vs.
Fuller.

acts complained of constitute an offence against the statute. But in what part of the declaration, or in what words, or manner, this is made to appear, is immaterial : if it is in any manner set out in the declaration, the conclusion, *contra formam statuti,* is not necessary. The case of *Barkhamstead* vs. *Parsons,* (3 *Con. Rep.* 1,) is direct and conclusive upon this point. The forms— " *American precedents,*" 339—are taken from cases which have passed the ordeal of judicial scrutiny, and have been decided to be correct. In neither of those cases, has the averment of *contra formam statuti* been made, or held necessary. See also 1 *Swift's Dig.* 735 ; 4 *Mass. Rep.* 487 ; 5 *do.* 306 ; *Salk. Rep.* 504, *Coundell* vs. *John.* In the present declaration, the statute is recited : facts necessary to show an offence against the statute, are set forth. The declaration then states, *by force of the statute,* the forfeiture had been incurred ; and then directly avers, that the plaintiff *brings this action on the case upon* the statute aforesaid. This shows, conclusively, that the defendant has committed acts in direct violation of the statute, and that the plaintiff has brought his action upon that statute, to recover the forfeiture therein prescribed.

The case of *Lee* vs. *Clark,* 2d *East,* 333, an authority on which the defendant mainly relies to support his position, will be found to fall far short of supporting the objection to the present declaration. Indeed, in no one feature does it compare with the present case, except in the doctrines advanced by the Court, which go to fortify the position we have assumed. That case was an action brought by a *common informer,* which makes it a very different case from the one under consideration, being an action brought by the party injured, to recover a debt, of which the defendant had undertaken to deprive him ; and greater strictness is required in *indictments* and *informations* than in private actions. Another marked distinction between the case of *Lee* vs. *Clark,* and the present case, is, that the statute, upon which the action in that case was brought, not only prescribed the penalty, but created the offence ; and of this description are all the other cases, which would seem at first to support the defendant's ground. Whereas, in the present case, the offence complained of, and for which the plaintiff seeks to recover the penalty prescribed by the statute, was an offence also at common law, and punishable by a common law proceeding ; and the remedy presented by the statute is merely *comulative.* Admitting the case of *Lee* vs. *Clark,* therefore, to be law, it cannot in this instance avail the defendant.

BAYLIES. J., *delivered the opinion of the Court.*—I shall first consider whether there be sufficient averments in the declaration, that there were carding machines, picking machines, and clothier's tools in and upon the premises conveyed, and of their number and value, and of the amount of the mortgage upon the premises conveyed.

The declaration says, "Whereas, on the said 23d. day of May, A. D. 1827, the said Ezra Sherman, jun. owned and possessed the following described lands and tenements, and goods and chattels, lying and being in Montgomery aforesaid, to wit," [here the lands are described,] " together with the carding machines and " picking machines, with the clothier's tools, in and upon said " premises, subject to a mortgage incumbrance upon part " or all of said premises to one Martin D. Follet, jr. And the " said *Austin Fuller,* in fact, says,that the said estate and interest " of the said Ezra, in and to the premises aforesaid, and the goods " and chattsls aforesaid,on the 23d. May, 1827, was of great value, " to wit, nine hundred dollars."

It is not expressly averred in the declaration that there were carding machines, picking machines, and clothier's tools in and upon the premises ; nor is their number and value, unconnected with the land, any where alleged ; nor is the amount of the mortgage upon the premises stated. These certainly are defects in the declaration ; but we consider they are cured by the verdict. —9 *Mass. Rep.* 495 ; 10 *Mass. Rep.* 316 ; 11 *Johns. Rep.* 141 ; 15 *Johns. Rep.* 121.

As to the third cause of arrest,—it is not necessary that personal property should be delivered by the vendor to the vendee at the time of sale, or afterwards, to make it fraudulent within the statute. If not delivered, it is a mark, that the sale was fraudulent. *Twine's* case was decided on the statute of 13 *Eliz.* c. 5 ; and the court say, " the donor continued in possession, and used the goods as his own ; and by means thereof traded with others, and defrauded and deceived them." This was considered a sign, or mark of fraud in the sale of the goods.—*(Rob. on conveyances,* 545.)

As to the fourth cause of arrest, that the declaration does not conclude *against the form of the statute,*—If an offence, which was not an offence at common law, be created by statute, and an action be given to collect a penalty, or forfeiture, for such offence, the plaintiff in an action for the penalty or forfeiture, must, in his declaration, either at the close, or in some other part, allege the facts constituting the offence,to be *against the form of the statute.*

17

FRANKLIN, *January,* 1832.

Fuller *vs.* Fuller.

FRANKLIN,
January,
1831.

Fuller
vs.
Fuller.

The case of *Lee* vs. *Clark*, in error from C. B. 2 *East*, 333, was an action of debt for a penalty on the game laws. The declaration stated, "that Daniel Lee, (plaintiff in error,) within the space of six calender months, next before the commencement of this suit, to wit, on the 21st of January, 1801, at, &c., unlawfully used a certain engine, called a snare, to kill and destroy the game of this kingdom ; he the said Daniel, not being then and there qualified by the laws of this realm, nor having any lawful authority so to do ; whereby, and *by force of the statute in that case made and provided*, an action hath accrued to John Clark, (defendant in error,) to demand and have of and from the said Daniel, five pounds.—*Plea, nil debet.*" That action was brought to recover a penalty annexed to an offence created by statutes, and not existing at common law.   *Lord Ellenborough, C. J.*, says, "I cannot so well dispose of the first error, that the offence for which the penalty is given is not alleged to be *against the form of the statute* ; it being clear that this was no offence at common law, and only made so by statute." "In an action for a statute penalty," (annexed to an offence created by statute,) "by a common informer, as well as in proceedings by indictment or information, it has been invariably holden that the fact must be alleged to be done *against the form of the statute.*" In this case the declaration had not these words, and the court adjudged it insufficient.   But for an offence at common law, where there is a statute prohibiting the same offence, and annexing a penalty or forfeiture, recoverable by an action of the case, or an action of debt, to be brought on the statute, it is not necessary for the plaintiff to allege in his declaration, that the facts constituting the offence were done *against the form of the statute.*   But if the plaintiff seek to recover such penalty or forfeiture, he must allege, that he demands it *by force of the statute*, and bring the facts constituting the offence clearly within the statute.   And if the plaintiff allege the facts to be *against the form of the statute*, it will not injure the declaration ; but it is not necessary to insert these words, where the offence exists at common law.   *Lord Mansfield* says, " that the principles and rules of the common law, as now universally known and understood, are so strong against fraud in every shape, that the common law was calculated to attain every end and purpose of the statute of 13 *Eliz. c.* 5, and 27 *Eliz. c.* 4. (*Cowper*, 434.) I apprehend it is because fraud is an offence at common law, that the declarations on the statute of 13 *Eliz. c.* 5, do not contain the allegation, that the facts, constituting the offence, are *against the*

*the form of the statute.* These words are omitted in all the declarations, which I have seen on this statute.—*(7 Wentworth's plead.* 223, Declaration in debt, *qui tam,* on a fraudulent bill of sale of goods.—*Ib.* 338–9, Declaration, two counts, *qui tam,* by a party grieved against defendant for a fraudulent judgement, suffered by one, and recovered by the other, to defraud the plaintiff.)

The facts constituting an offence within the statute of 13 *Eliz. c.* 5, would constitute an offence within our *statute, ch.* 32, *s.* 7. And a declaration on this statute need not contain the allegation, that the facts are *against the form of the statute,* any more than a declaration on the 13 *Eliz. c.* 5. Hence, I conclude, that the omission of these words in the declaration before us is no error, and

<div style="text-align:center">

The judgement of the county court must
be affirmed, with additional costs.