## C. A. BURNELL v. A. J. DODGE.

### Penal Action. Pleading.

An action of debt against a Justice of the-Peace or clergyman, in behalf of the parent of a minor for marrying such minor to another person contrary to the provisions of chap. 66 of the Comp. Stat., is purely a penal action.

But if in such an action the form of declaration recited and approved in *Ellis* v. *Hull*, 2 Aik. 42, be used, it will be sufficient, notwithstanding such form does not contain a specific allegation that the defendant's acts were "against the form of the statute, etc., etc."

The effect of this decision as a precedent limited to an action under that particular statute.

DEBT, brought to recover of the defendant, a Justice of the Peace, the forfeiture prescribed by sec. 16, chap. 66, Comp. Stat. p. 394, for marrying the plaintiff's daughter, while a minor, to one Best, and without her parents' consent. The declaration was substantially the same as the one recited in *Ellis* v. *Hull*, 2 Aik. 42, and like that contained no specific averment that the defendant's acts were " against the form of the statute in such case made and provided."

After a trial upon a plea of the general issue, and verdict for the plaintiff, the defendant moved in arrest of judgment for the insufficiency of the declaration. The county court, at the December Term, 1859, of Lamoille county,—ALDIS, J., presiding, *pro forma* sustained the motion, and rendered judgment for the defendant, to which the plaintiff excepted.

*Thomas Gleed*, for the plaintiff.

*Child & Benton*, for the defendant.

BARRETT, J. This is an action of debt to recover the forfeiture prescribed by the statute for solemnizing the marriage of the plaintiff's minor child, contrary to the provisions of chap. 66 of the Comp. Stat.

The point of exception and debate arises on a motion in arrest, for the lack in the declaration of the averment of *contra formam statuti*.

The court deem the provision of sec. 16 of that chapter to be penal, and not remedial, and regard the action for enforcing the forfeiture, though in form *debt*, to be in essence a penal action, and technically subject to the rules of law applicable to criminal proceedure for the enforcement of penalties.

In England, and in many, if not all of the States of this country, the technical rule generally requires in penal actions that the offence should be averred to be *against the form of the statute*, and that the lack of such averment is not cured by verdict. We are not called on to discuss the reason of this rule, or how far it is calculated to serve any valuable purpose in the practical administration of justice. Except so far as it may have been modified in the progress of judicial administration, or in certain cases dispensed with as a necessity, we are disposd to let it stand in its legitimate vigor.

If there can be a case in which the practical purposes designed to be served by an adherence to the rule, are fully answered by a mode of averment that departs from the technical formulary of *contra formam statuti*, the present would seem to be such a case ; for the declaration enumerates and charges all the prohibited acts and delinquencies by which the prescribed forfeiture is incurred, and then proceeds, " By reason of all which, and by force of the statute in such case made and provided, the said defendant hath forfeited," etc.

If it be conceded, upon the authority of *Lee* v. *Clark*, 2 East 338, and other English and American cases, that this comes short of the requirement of the general and established rule on this subject, yet it cannot be doubted, that, to every practical intent, it shows clearly that the action is based on a statutory offence, and is prosecuted solely for a statutory penalty. But the object of the rule is, to have it appear on the face of the indictment or declaration, that the proceeding is instituted for a statutory offence and penalty, in distinction from an offence at common law. Under a general demurrer or motion in arrest it would seem to admit of serious doubt whether the *phraseology* could be criticised with effect, provided the fact substantially appeared on the face of the declaration, that the offence and penalty were statutory.

The language of Lord ELLENBOROUGH, near the close of his opinion in *Lee* v. *Clark*, *supra*, seems to imply as much. He says, " it has been invariably holden that the fact must be alleged to be done against the form of the statute. Some or all of the statutes referred to are essential to the maintainance of the action ; and I do not see such circumstances stated as bring the case within any of them, without alleging it to be against the form of the statute ;" clearly implying that if he had found such circumstances stated, he might have thought the declaration sufficient, without using the formal language of *contra formam*, etc.

LAWRENCE, J., in the same case, after stating the rule and the reason of it, says " but it is contended that the conclusion here, ' whereby and by force of the statute an action hath accrued,' etc., will supply the want of the other allegation. If it had said *statutes*, in the plural number, perhaps it might have done, but it certainly is not sufficient with reference only to the stat. 2 Geo. 3, c. 19, because that alone would not support the action." It thus appears that the question, whether the expression ' whereby and by force of the statute,' would be sufficient, passed off upon a patent defect in that mode of averment, if that form of averment had in itself been proper ; yet certainly with a strong countenance to the inference, that had it not been for that defect, such a form and mode of averment would have been held sufficient to answer the purposes of the rule, viz : to show that the action was prosecuted for a statutory offence and penalty. After giving their opinions, the court took occasion to look into the case of *Coundell* v. *John*, Salk. 505, and Holt 635, which was thought to militate against the views entertained by the court, as to the necessity of showing that the action was founded on the statute, and the next day Lord ELLENBOROUGH made further remarks, showing that case not to be incongruous with the other authorities, and closed thus : " It appears, therefore, to have been the ultimate opinion of the court, that in all cases, where the action is founded on a statute, it is necessary, in some manner, to show that the offence, on which you proceed, is an offence against the statute." In the case above cited from Salk. 505, the language of the court is " Where a statute introduces a

new law, by giving an action where there was none before, or by giving a new action in an old case, the plaintiff need not conclude *contra formam statuti*. But if a statute gives the same action, with a difference of some circumstances, as double damages, etc., the plaintiff must either conclude *contra formam statuti*, or make his case so particularly within the statute, that it may appear to be so; and because he had not done it in this case, judgment was given for the defendant."

Within this language of the court, it would seem that the declaration in the present case sufficiently answered the requirement. But in disposing of this case we think a view suggested by the plaintiff's counsel is worthy of consideration. *Ellis* v. *Hull*, 2 Aik. 41, was an action upon our old statute, which is substantially the same in its provisions as that on which the present action is founded. The declaration was drawn by Judge ROYCE, then in the full vigor of his juridical accomplishments. The case was defended by some of the most eminent counsel in the State. They raised no point, and indulged in no criticism, upon the declaration for its lack of the *contra formam statuti*. Judge PRENTISS delivered the opinion of the court, holding the declaration sufficient, though it was encountered by a general demurrer. Since that time that declaration has been regarded as an approved form for the recovery of the prescribed forfeiture under this statute, and has been universally adopted in practice by the profession in this State.

It seems therefore worthy of serious consideration, whether it is not the duty of the court to hold the technical rules applicable to this class of actions, to be sufficiently complied with by this mode of declaring and referring to the statute, when an action is brought on this particular statute; whether in fact, irrespective of the authority of cases without the State, such mode of declaring should not be treated as having become incorporated into the *common law* of procedure in the State, even in the absence of any express adjudication to that effect. We think it should be thus treated, and for this we have sufficient countenance in decisions heretofore made by the supreme court of this State. See *Eastman* v. *Curtis*, 4 Vt. 616.

30

It is to be understood that the present decision is not designed to constitute a precedent by way of authority, except in actions brought like the present upon the particular statute in question.

The judgment, which was *pro forma*, is reversed, and judgment on the verdict is rendered for the plaintiff.