HAVEN P. STOWE *vs.* THE TOWN OF STOWE.

May Term, 1898.

Present: ROSS, C. J., TAFT, TYLER, START and THOMPSON, JJ.

*Acts of 1880, No. 90—Acts of 1886, No. 5—V. S. 5460, 5463—Statutory Construction—Taxes Paid under Protest—What Is Compulsion.*

The warning was, "to see if the town will vote to accept the provisions of Act No. 90, Laws of 1880, as amended by Act No. 5, Laws of 1886, relating to the collection of taxes," and the town voted an acceptance in the words of the warning. The revision of 1894 had repealed the sections referred to, but re-enacted them with amplifications, and declared that the provisions of the revised statutes, so far as they were the same as those of existing laws, should be construed as a continuation of such laws, and not as new enactments. *Held* that the new law was to be regarded as a continuation of the old, for it was not necessary that an entire act should be reproduced without alteration to bring the re-enactment within this rule of construction;

That the purpose of the warning was to secure a vote to adopt a certain authorized method of collecting taxes, and the vote is to be treated as an adoption of that method;

That the vote authorized the selectmen to deliver the town school tax to the treasurer for collection, although that tax was unknown to the law of 1886, for the language of the warning and vote is to be taken as an inaccurate but sufficient designation of the statute as enlarged.

One who pays, under protest, an illegal tax to the town treasurer, authorized to collect taxes, after receiving notice from the treasurer that if the tax is not paid by a day named, its collection will be enforced by warrant, is to be treated as having paid under compulsion and entitled

to recover the payment. It is not necessary that he should have waited until near the end of the time allowed.

*Allen* v. *Burlington*, 45 Vt. 202, is adhered to; and no material distinction is recognized between a case in which a discount is allowed upon a tax if paid before a day named, and one in which the tax is to be increased by a penalty if not so paid.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the September Term, 1897, Chittenden County, *Rowell,* J., presiding. Verdict ordered and judgment thereon rendered for the plaintiff. The defendant excepted.

The action was brought to recover money paid by the plaintiff to the defendant's treasurer as taxes upon the list of 1896. The plaintiff's evidence tended to show that the list against him was illegal, that he received notice from the treasurer that the taxes must be paid on or before October, 1896, to obtain the discount and save costs of collection, and that if unpaid by that date, a warrant would be issued against all delinquents; that on September 5, 1896, he paid the sum of $272.84 under protest "with reservation of all the rights to contest the validity of the taxes in every particular," insisting that the money must be so received if at all, and received from the treasurer a receipt acknowledging that the payment was made and received under protest. The other material facts are apparent from the opinion.

At the close of the plaintiff's evidence the defendant moved for a verdict. The motion was overruled, and the defendant not desiring to go to the jury on any question of fact, a verdict was directed for the plaintiff for $277.07. In arriving at this sum the amount which would have been a legal tax against the plaintiff upon his real estate in Stowe was, by consent of the plaintiff, deducted from the whole sum paid under protest and to the balance such interest was added as the parties agreed was correct.

*L. C. Moody* and *Geo. M. Powers* for the defendant, contended as stated in the opinion, citing upon the question

of voluntary payment, Cooley, Taxation, 811, 812; 2 Desty, Taxation, 790, 792; 2 Dillon Municip. Corp. 857; *Baltimore* v. *Lefferman,* 4 Gill. 425; *Morris* v. *Baltimore,* 5 Gill. 244; *Gordon* v. *Baltimore,* 5 Gill. 231; *R. Co.* v. *Dodge County Comrs.,* 98 U. S. 541; *Brumagim* v. *Tillinghast,* 18 Cal. 271; *Bucknall* v. *Story,* 46 Cal. 596; *Bank* v. *Webber,* 52 Cal. 73; *Merrill* v. *Austin,* 53 Cal. 379; *Sheldon* v. *School Dist.,* 24 Conn. 88; *Converse* v. *Norris,* 62 Ga. 538; *Edinburg* v. *Hackney,* 54 Ind. 83; *Hathaway* v. *Addison,* 48 Me. 440; *Forbes* v. *Appleton,* 5 Cush. 115; *Lee* v. *Templeton,* 13 Gray 476; *Barrett* v. *Cambridge,* 10 Allen 48; *Bank* v. *Mayor,* 51 Barb. 179; *Wilson* v. *Pelton,* 40 Ohio, 306; *Ins. Co.* v. *Allegheny,* 101 Pa. 250; *Peebles* v. *Pittsburg,* 101 Pa. 304; *Wheatley* v. *Waldo,* 36 Vt. 237; *Taggart* v. *Rice,* 37 Vt. 47; *Babcock* v. *Granville,* 44 Vt. 325; *Sowles* v. *Soule* 59 Vt. 131; *Meacham* v. *Newport* 70 Vt. 264.

*V. E. Bullard* and *Seneca Haselton,* for the plaintiff, cited to the proposition that it is unnecessary that a warrant should have been issued, *Henry* v. *Chester,* 15 Vt. 466; *Babcock* v. *Granville,* 44 Vt. 326; *Allen* v. *Burlington,* 45 Vt. 202; *Preston* v. *Boston,* 12 Pick. 7; *Sowles* v. *Soule,* 59 Vt. 134.

MUNSON, J.   It is contended, first, that the vote of the defendant town gave its treasurer no authority in respect to the tax in question.   The warning was, "to see if the town will vote to accept the provisions of Act No. 90, Laws of 1880, as amended by Act No. 5, Laws of 1886, relating to the collection of taxes," and the town voted an acceptance in the words of the warning.   The defendant claims that the acts named in the warning and vote had been repealed prior to the meeting, so that no valid vote could be predicated upon them.   It is true that the substance of those acts had been re-enacted in the Vermont Statutes, and that the acts themselves had been repealed by

§ 5463 of that revision. But by § 5460 of the revision it was enacted that the provisions thereof, so far as they were the same as those of existing laws, should be construed as a continuation of such laws, and not as new enactments. It was not necessary that an entire act should be reproduced without alteration to bring the re-enactment within this rule of construction. The rule is clearly applicable to a re-enactment of provisions sufficiently complete to stand independently, even though a broader scope be given them in the revision. The present law for the collection of taxes by the treasurer is to be regarded as a continuation of the old law with amplifications. The designation of the law by the numbers of the original enactments cannot have misled the voters as to the proposition to be submitted. The purpose of the warning was to secure a vote to adopt a certain authorized method of collecting taxes, and the vote is to be treated as an adoption of that method.

But it is contended further that if these acts can be treated as in force at the time of the vote, they conferred no authority upon the selectmen to deliver the town school tax to the treasurer, for the reason that that tax was not known to the law of 1886, and that the act of that year limited the bills which might be delivered to the treasurer to those then required by law. If the warning and vote were held to refer to the statute in its original form, this might not avail the defendant; for statutes applicable to a class, but containing only words of present significance, are sometimes extended over things of the same class subsequently created. But, as already indicated, we think the language employed is to be treated as an inaccurate but sufficient designation of the statute as enlarged. The warning directed the attention of the voters to the existing law with reasonable certainty, and their vote must be held to authorize the collection by the treasurer of all taxes which the law then permitted to be so collected.

It is also contended that the payment cannot be recovered

because voluntarily made. It is true as assumed by the defendant, that the payment of a tax under protest will not save the right of recovery unless such payment was made under compulsion. The difficulty lies in determining what the law regards as compulsion; and in working from the same rule the courts of different states have reached different results. The defendant cites a long list of authorities which if followed would defeat the plaintiff's claim, but they cannot be followed without overruling our own case of *Allen* v. *Burlington*, 45 Vt. 202, where the law of the subject was applied to payments made under this system of collection. But the defendant contends that even that case will not justify a recovery in this, and the points which are claimed to distinguish the two must be carefully examined.

The special act under which the taxes of Burlington were collected subjected the delinquent taxpayer to an increased payment arrived at by adding five per cent to the tax assessed. Under the general law now in force the payment of a tax within the prescribed time entitles the taxpayer to a deduction of four per cent. It is said that the first law placed a penalty upon the one who did not pay, while the present law gives a reward to the one who does pay. But we apprehend that the two provisions are of the same essence. Under the present system the municipality assesses a tax larger than is required, upon a calculation that the payments within the prescribed time will be sufficient to reduce the total to the proper amount, and this enables it to put the inducement in the form of a deduction and still punish the delinquent. The purpose and effect of the law is to make those who suffer the day to pass pay more than those who do not; and this is all that is required to bring the case within the decision cited.

But our attention is called to the fact that in *Allen* v. *Burlington* the court inferred from the case as stated that the time of grace had about expired when the payment was made. In this case the time allowed would have expired

October first; and the tax was paid September fifth. But the payment was not made until after the plaintiff had been notified by the treasurer that his taxes must be paid by October first to obtain the discount and save cost of collection, and that if not paid by that date a warrant would be issued against him. Whatever the court in *Allen* v. *Burlington* may have thought as to the time left before the warrant could issue, it was said in the opinion that it was not necessary that the plaintiff should have been in danger of an immediate levy; that if he expected and had a right to expect that the warrant would issue in due course and collection be enforced with costs, and paid because of that expectation, he would not be precluded from recovery. This language does not imply a necessity of delaying until the time is about to expire; and it seems unreasonable to require that one so situated wait, at the risk of accident, until the last day in order to save his right. But if an earlier payment is to be held recoverable, the situation admits of no other definite limitation of time during the running of the notice; and it seems better to make the right depend upon the purpose announced, rather than upon the nearness of the danger. We are aware that a payment made considerable in advance of the time when collection could be enforced may be said to anticipate an evil which might never be incurred if the payment were delayed. But we think that one who receives a notice like that above recited has a right to assume that the town means what it says and act accordingly.

*Judgment affirmed.*