IDA E. RICHARDSON *v.* GEORGE L. FLETCHER.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed August 21, 1902.

*Penal statutes—V. S. 2358-2359—Construction—Duties of executor—Pleading.*

V. S. 2359 is a penal statute, and in an action for the forfeiture therein provided, the declaration must show that the action is founded thereon and contain a substantive allegation that the offense charged was committed against the form of the statute.

This statute, which is a continuation of R. L. 2052, changes the form of action in such cases from debt to case; but this change relates to the remedy only, and the statute is construed to be retrospective in its operation, since to do so impairs no right and does no wrong.

A declaration is not double when its allegations refer wholly to the defendant's duty under a certain statute referred to therein as the basis of recovery, and show that he had no duty to perform under another statute also so referred to, since the allegations regarding the latter may be rejected as surplusage.

A declaration under V. S. 2359 which sufficiently alleges that an executor, having possession of the will, did not present it to the Probate Court within the time provided by law, that he did not within such time signify to such Court his acceptance or refusal of the trust, and that he did not give a satisfactory excuse to such Court for his neglect to so signify such acceptance or refusal, is

sufficient, without an averment that he failed to give a satisfactory excuse to such Court for his failure to so present the will; since the unexcused neglect of any of the duties required of him by this statute subjects him to the forfeiture therein prescribed.

In an action for a penalty created by statute, a declaration in the language of the statute is sufficient, if every fact necessary to constitute the offense is thereby charged or necessarily implied.

ACTION under V. S. 2359, to recover the penalty therein provided. Heard on the defendant's demurrer to the declaration at the June Term, 1901, Windsor County, *Start*, J., presiding. Demurrer overruled and declaration adjudged sufficient. The defendant excepted.

*Hunton & Stickney* for the defendant.

No such action exists at common law, and the statute is penal. The plaintiff does not allege that the neglects of duty complained of are in violation of any statute,—*contra formam statuti.*. *Fuller* v. *Fuller,* 4 Vt. 123; *Burnell* v. *Dodge,* 33 Vt. 462. The allegation is that "By reason of the allegations and facts set forth" an action hath accrued by virtue of R. L. 2050, 2051, and 2052. There is no allegation of any duty cast upon defendant. Sections 2050 and 2051 provide no forfeiture. *Montgomery* v. *Edwards,* 45 Vt. 75; *Sears* v. *U. S.* 1 Gall. 257; *Haskell* v. *Moody,* 9 Pick. 162; 1 Chit. Pl. (13 Am. Ed.) 374.

The plaintiff does not state whether the action is brought to recover the penalty for the neglect of the duty prescribed by s. 2050, or for the neglect of the duties prescribed by s. 2051. Nor does she state whether the action is brought on Revised Laws or Vermont Statutes. She says R. L. 2050, 2051, and 2052 are identical with V. S. 2357, 2358 and 2359; but R. L. 2052 gives an action of debt, while V. S. 2359 gives an action on the case, and is not applicable to a neglect of duty occurring before its enactment. V. S. 5457 does not apply. Revised

Laws are expressly repealed by Vermont Statutes. No statute justifies this action. *Brattleboro* v. *Wait,* 44 Vt. 459.

If the action is brought on both the statutes named, the declaration is double.

If the declaration counts on R. L. 2050 and 2051, or either of them, it is insufficient because it does not allege that defendant failed to give a satisfactory excuse to the court within the required time for his failure to present the will.

*Gilbert A. Davis* and *George A. Weston* for the plaintiff.

In an action to secure a penalty given by statute, it is sufficient if it appears from the declaration that the action is brought upon, and that the offense charged is a breach of that statute, although the averment *contra formam statuti* be omitted. *Barkhanstead* v. *Parsons,* 3 Conn. 1; *Doane* v. *Cummins,* 11 Conn. 152; *Blydenburgh* v. *Miles,* 39 Conn. 484; *Nichols* v. *Squire,* 4 Pick. 167; *Reed* v. *Northfield,* 13 *Id.* 94; *People* v. *Bartow,* 6 Cow. 290; *Wentworth* v. *Huckley,* 67 Me. 368; *Penley* v. *Whitney,* 48 Me. 351; *Whitecraft* v. *Vandever,* 12 Ill. 235; 16 Ency. Pl. & Pr. 271, 272, 273.

The change of remedy from debt to case is immaterial. 12 Am. & Eng. Ency. Law (2 Ed.) 533; *Maidstone* v. *Stevens,* 7 Vt. 491, *Brown* v. *Storm,* 4 Vt. 37.

V. S. 2359 should be construed to be retroactive. *State* v. *Welch,* 65 Vt. 50; *Richardson* v. *Cook,* 37 Vt. 599; *Huse* v. *Pomeroy,* 39 Vt. 211.

Vermont Statutes are to be construed as a continuation of existing laws and not as new enactments. V. S. 5460. *Stowe* v. *Stowe,* 70 Vt. 609.

The plaintiff directly and positively alleges that her suit is brought to recover the penalty, which is sufficient. 1 Chit. Pl. 215; *Bayard* v. *Smith,* 17 Wend. 88; 18 Me. 166.

The basis of recovery in this case is that the defendant did not signify his acceptance of the trust and did not give a

satisfactory excuse for such neglect. The declaration contains direct averments sufficient for this charge. The irrelevant matter may be rejected, and does not make the declaration double. 1 Chit. Pl. 226, and note; *Lord* v. *Tyler,* 14 Pick. 156; *Dunning* v. *Owen,* 14 Mass. 157; *Raymond* v. *Sturge,* 23 Conn. 134.

WATSON, J. This case is here on general and special demurrer to the declaration. No such right of action exists at common law, and the statute on which the action is based is penal. *Blaine* v. *Curtis,* 59 Vt. 120, 7 Atl. 708, 59 Am. Rep. 702.

The first ground of demurrer is the lack of any direct allegation that the action is founded on a statute or statutes. It is contended that the declaration should allege that the acts constituting the ground of action were against the form of the statute. The only reference to the statutes made in the declaration is in the last paragraph, which reads: "And the plaintiff avers that by reason of the allegation and facts set forth as aforesaid, an action hath accrued to her, the said plaintiff, by virtue of the provisions of sections 2050, 2051 and 2052 of the Revised Laws of Vermont, which are identical with the provisions of sections 2357, 2358 and 2359 of the Vermont Statutes, to have and recover of the said defendant a penalty," etc.

It is fundamental that in penal actions founded wholly on a statute it should appear that the action is brought upon the statute, and in stating the offense charged, the facts constituting it must be set out, and as a part and parcel of such facts, it must be stated as a substantive allegation that the offense was committed against the form of the statute; and if the declaratnon counts upon more than one statute, the allegation must be against the form of the statutes. *Wells*

v. *Iggulden,* 5 Dowl. & Ryl. 13; *Fuller* v. *Fuller,* 4 Vt. 123;
1 Chit. Pl. 272; 2 Saund. Pl. & Ev. 1026.

In *Wells* v. *Iggulden,* the action was brought upon a
statute (55 Geo. 3, Ch. 137, Sect. 6), to recover penalties
against an overseer for supplying provisions to the poor of his
parish for his own profit. A motion was made in arrest of
judgment on the ground that none of the counts of the dec-
laration alleged in the introductory part that the defendant,
"not regarding the statute," committed the offense, nor in the
concluding part that the offense was committed "against the
form of the statute." The counts concluded with the allega-
tion, "whereby and by force of the statute in such case made
and provided, the defendant hath forfeited for his said offense
the sum of £100 and thereupon an action hath accrued," etc.,
and it was argued that this might be considered as a substan-
tive allegation that the act complained of was against the
statute, and so supply the other defect. Hereon the court
said the words used were stated as an inference of law, arising
from the premises, and giving a description of the defendant
as having forfeited the penalty for his said offense, and there-
fore insufficient; that there must be a substantive allegation
that the offense was committed against the form of the statute,
and the motion in arrest was made absolute.

The reason for this rule is stated in *Reed* v. *Northfield,*
13 Pick. 94, 23 Am. Dec. 662, by Chief Justice Shaw, thus:
"The reason upon which the rule is founded is, that all indict-
ments, informations, and penal actions will be presumed to be
founded on the common law, unless they expressly refer to the
statute, and the averment that the act was done against the
statute, is a substantive allegation making it an offense, and
therefore if this averment is not made, the statement in the
clause 'whereby an action hath accrued,' etc., is a conclusion
which does not follow from the premises, because it is the

breach of the statute and the averment of it, which alone constitutes the averment of an offense."

That the rule does not apply if a cause of action existed at common law is well illustrated in the case of *Fuller* v. *Fuller, supra.* That was an action on the case brought on the statute to prevent fraudulent and deceitful conveyances. The declaration concluded, "wherefore, to recover the forfeiture incurred" by the defendant, "by force of the statute aforesaid, * * * brings this action on the case upon the statute aforesaid," etc. The defendant moved in arrest of judgment on several grounds, one of which was that the declaration should have concluded against the form of the statute, or have an allegation somewhere that the offense was committed against the form of the statute. It was held that if a penal offense is created by statute where no offense existed at common law, the declaration to recover the penalty must either at the close or in some other part allege the facts constituting the offense to be against the form of the statute; but that the offense under the statute upon which that action was based, was similar to that under the statute of 13 Eliz. Ch. 5, regarding which the court, quoting Lord Mansfield, said, "that the principles and rules of the common law, as now universally known and understood, are so strong against fraud in every shape, that the common law was calculated to attain every end and purpose of the statute of 13 Eliz. C. 5," and therefore the omission of such an allegation in the declaration was not error. In *Burnell* v. *Dodge,* 33 Vt. 462, the action was against a justice of the peace to recover the penalty under the statute for marrying the plaintiff's minor daughter to another person, without her parent's consent. The declaration contained no specific averment that the defendant's acts were against the form of the statute. The court, in overruling a motion in arrest of judgment, said the form of declaration

there used had been regarded as an approved form for the re-
covery of the forfeiture under that statute since its use in the
case·of *Ellis* v. *Hull,* 2 Aik. 41, which was based upon a stat-
ute having substantially the same provisions, and that such
mode of declaring should be treated as having become incor-
porated into the common law of procedure in this State; but
that it was to be understood that the decision was not de-
signed to constitute a precedent by way of authority except in
actions brought upon that particular statute.

In *Montgomery* v. *Edwards,* 45 Vt. 75, the plaintiff
sought to recover cumulative damages under a statute pro-
viding that such damages should be given to a party aggrieved
by an action founded on that statute. The declaration made
no reference to the statute except by the concluding words,
"contrary to the form and force of the statute in such case
made and provided." It was held that the declaration did not
sufficiently count upon the statute to make the action founded
upon it. But the rule above stated regarding declarations in
actions upon penal statutes was fully recognized by Judge
Peck, for he said: "The common mode of counting upon a
statute is to designate the action in the commencement of the
declaration, as an action upon the statute with the proper
description of the form of action, and a reference to the stat-
ute"; but "that it has often been held that in an action by the
party aggrieved, on a statute which gives cumulative dam-
ages to the party aggrieved, the declaration need not contain
all that would be required in a declaration on a penal statute
for the penalty; that it need not conclude against the form of
the statute."

The cases of *Bayard* v. *Smith,* 17 Wend. 88, *Palmer* v.
*Bank,* 18 Me. 166, 36 Am. Dec. 710, and *Reed* v. *Northfield,*
above cited, are relied upon by the plaintiff in support of his
contention that an averment that the act was done against the

statute is not essential. All of those cases, like *Montgomery* v. *Edwards,* were to recover cumulative damages, and each was held to be based upon a statute remedial in nature. As before seen, the rule requiring such an averment in actions upon penal statutes is recognized and the reason therefor stated in *Reed* v. *Northfield,* yet, that action being remedial, the declaration was held sufficient on a motion in arrest of judgment without such averment.

In Gould's Pleadings, Ch. 111, Sect. 16, note 3, it is said that "counting upon a statute consists in making express reference to it, as, by the words, 'against the form of the statute', (or, 'by force of the statute') in such case made and provided." But it is not there stated that either form is sufficient in all cases without regard to the nature of the action, nor is it likely that this was the author's intended meaning.

The provisions of the Vermont Statutes, so far as they are the same as those of prior existing laws, are to be construed as a continuation of the latter and not as new enactments. V. S. 5460; *Stowe* v. *Stowe,* 70 Vt. 609, 41 Atl. 1024.

Sections 2050 and 2051 of Revised Laws are continued in sections 2357 and 2358 of Vermont Statutes; and section 2052 of Revised Laws is continued in section 2359 of Vermont Statutes, except in the form of action to recover the penalty. Under the former, it is to be recovered by action of debt, while under the latter, in an action on the case. It is urged that this is a repeal of R. L. 2052, and that an action on the case will not lie for a neglect of duty occurring before the Vermont Statutes took effect. The change relates to the remedy only, and it was within the power of the Legislature to make the law in that regard retrospective as well as prospective,—that it should govern all future actions brought to recover the penalty therein named whether the cause of action

accrued before or after the law effecting the change was in force. *State* v. *Welch,* 65 Vt. 500; 25 Atl. 900; *Hine* v. *Pomeroy,* 39 Vt. 211.

The question is, was such the intention of the Legislature? The penalty to be recovered is ten dollars for each month of neglect of duty after the thirty days therein named; and the whole penalty, regardless of the number of months, may be recovered in one action unless such change in the form of action prevents it. The time of such neglect might in any case, as in the one at bar, begin before the change and extend afterwards, thereby necessitating two actions, unless the whole time may be covered by an action under section 2359.

To give this provision a retrospective operation impairs no right and can do no wrong. There is nothing in the law to prevent giving it such effect. The intent of the Legislature in this regard is not manifest from the law itself. The change relates solely to procedure in courts, and the result of a retrospective operation cannot be otherwise than just. This constitutes a sufficient reason for giving it that effect, and it will be so construed.

In *City of Montpelier* v. *Senter,* 72 Vt. 112, 47 Atl. 392, the law is stated that when a statute will admit of either a prospective or retrospective construction, "and it appears that a retrospective operation is necessary to accomplish the purpose of the Legislature, and no right will be thereby impaired and no wrong done; or when a statute is purely remedial, and does not attempt to take away vested rights; or * * * relates solely to procedure in courts, such operation will be given to it, but not otherwise." See also *Sturgess* v. *Hull,* 48 Vt. 302, and *Hine* v. *Pomeroy, supra.*

Another ground of demurrer is that the declaration refers to two statute laws passed at different times, and does not allege certainly or positively on which the action is brought,

nor whether on both; and another ground, that if it is brought on both, the declaration is insufficient for duplicity. These two questions will be considered together.

R. L. 2050 and V. S. 2357 are the same in substance and make it the duty of any person having the custody of a will, within thirty days after he knows of the death of the testator, to deliver it into the Probate Court having jurisdiction thereof, or to the person named in the will as executor. R. L. 2051 and V. S. 2358 are the same in substance, and make it the duty of the person named as executor in a will to do and perform the matters and things in those sections specified. The law of the latter sections relates to no one other than the person thus named as executor, and the duties there enjoined are materially unlike those required by the other two sections. It follows that if the declaration is drawn to recover for neglect of duty under the former sections and under the latter also, it is double; but we do not think it is so drawn. It is alleged that a certain will was made by one Sarah A. Fletcher, and that the defendant was named therein as executor. The further allegations have reference wholly to the defendant's neglect of duty, as the person thus named as executor, under the provisions of R. L. 2051, V. S. 2358. The allegations show that this negligence covered a time when the Revised Laws were in force, and extended until after the Vermont Statutes took effect; but to allege that section 2051 of the Revised Laws is the same as section 2358 of the Vermont Statutes is unnecessary, because, it being a public statute, it must be noticed by the court without being stated in pleading.

The defendant had no duties to perform under the provisions of R. L. 2050 and V. S. 2357, therefore no cause of complaint can be based thereon. Were the declaration otherwise sufficient, these sections of the statutes being wholly unnecessary to the offense charged, the allegations regarding them

might be rejected as surplusage. *Bennet* v. *Talbois,* 1 Ld. Raymond, 149; *King* v. *Mathews,* 5 T. R. 162.

It is further urged that if the declaration is based upon section 2051 R. L., 2358 V. S., there is no allegation in terms of positive averment that the defendant did not, within thirty days after knowing of the death of the testatrix, present said will to the Probate Court which had jurisdiction of the case, nor that the defendant did not give a satisfactory excuse to the Probate Court for his failure so to do; and that a satisfactory excuse for a failure to present the will might reasonably relieve the defendant from the other requirements of those sections, notwithstanding the will had not been otherwise returned to the court.

The allegation in the declaration is, that the will was in the care, custody, and control of the defendant ever after it was executed "until the fifth day of July, 1898, at which time and never prior thereto, he, the said defendant, presented said will to the Probate Court," which had jurisdiction, etc. The averment of neglect in this regard seems to be sufficient; but there is no averment that the defendant did not give to the Probate Court a satisfactory excuse therefor.

It is averred that the testatrix died on the 21st day of July, 1889, and that on the same day the defendant knew of her death, and that he was named as executor in her said will; that he did not at any time within thirty days thereafter signify to the Probate Court his acceptance of the trust and appointment as executor of the will, neither did he make known to the court in writing his refusal to accept it; and that he did not at any time prior to, or on the fifth day of July, 1898, nor at any time since, give a satisfactory excuse to the court for such neglect. No claim is made that the averments in this regard are not positive and sufficient.

By the provisions of the sections of the statutes last. named, if the defendant knew that he was named as executor in the will, it was his duty within thirty days after knowing of the death of the testatrix, to present the will to the Probate Court which had jurisdiction, unless the will had been otherwise returned thereto. If it was otherwise returned within that time, the defendant was guilty of no breach of duty in not presenting it. If the will was not otherwise returned, the failure of the defendant to present it to the Probate Court within the time specified does not alone make him liable under the law. There must be added thereto the failure to give a satisfactory excuse to the Probate Court. It is not the neg-- lect, without modification or limitation, but the *unexcused neglect* that renders him liable. Therefore this exception, if such it is, comes within the general rule that when an exception is so incorporated with, and becomes a part of the enactment, as to constitute a part of the defini- tion or description of the offense, it must be negatived. *State* v. *Abbey,* 29 Vt. 60, 67 Am. Dec. 754. In Maine a statute substantially like the one under consideration re- ceived a similar construction in *Smith* v. *Moore,* 6 Greenl. 274, which is referred to with approval in *State* v. *Abbey.*

It was also the duty of the defendant within the same time to signify to the court his acceptance of the trust, or make known in writing his refusal of it. This duty does not necessarily depend upon the fact that the will has been pre- sented to the court by the executor, nor that it has been other- wise returned. The will may be lost, accidentally destroyed, or it may have been purposely destroyed by some one other than the testator and without his knowledge or consent. In any of these circumstances,—and there may be others,—it de- volves upon the person named as executor in the will, within the time specified after he knows of the death of the testator,

or after he knows that he is named executor, if he obtains such knowledge after knowing of the death of the testator, to signify to the court his acceptance of the trust, or make known in writing his refusal to accept it. It is apparent that an excuse satisfactory to the Probate Court might exist for not presenting the will to the court, even though it had not been otherwise returned; and yet there be no such excuse for not signifying the acceptance of the trust or making known the refusal to accept it, as required. As in the other instance, it is the *unexcused neglect* that constitutes the offense. By V. S. 2359, if a person neglects *any* of such duties required of him, unless he gives a satisfactory excuse to the court, he subjects himself to the forfeiture therein prescribed. A declaration, therefore, properly charging neglect of any of those duties is sufficient. *State* v. *Higgins,* 53 Vt. 191.

The defendant contends that the declaration is further insufficient in that no duty or breach is alleged. In criminal law, when an indictment is based upon a statutory offense, "if every fact necessary to constitute the offense is charged, or necessarily implied, by following the language of the statute, the indictment in the words of the statute is undoubtedly sufficient, otherwise not." *State* v. *Higgins, supra.* The same rule obtains in declaring for a penalty created by statute. *President, etc. of Physicians* v. *Salmon,* 1 Ld. Raymond, 680. See also *Smith* v. *Moore, supra.*

The defendant was bound to know the law, and his legal duties, if any, under it. The allegations show that the defendant was so situated as to be within the requirements of the statute in question, and that he failed to comply therewith. The facts constituting the cause of action are set forth with that degree of certainty necessary to make known to the defendant what he is to answer, and what is intended to be proved. The rules of pleading require nothing more.

But as the pleader did not properly count upon the statute on which the action is based, the declaration is insufficient.

*Demurrer sustained, declaration adjudged insufficient, and cause remanded.*

TAFT, C. J., deceased before this case was determined.