IDA E. RICHARDSON *v.* GEORGE E. FLETCHER.

October Term, 1903.

Present: ROWELL, C. J., MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed January 26, 1904.

*Abatement—Another Suit Pending—Custodian of Will—*
*Executor—V. S. 2357-2359.*

The cause of action given by V. S. 2359 against the custodian of a
will for unexcused neglect to comply with the requirement of
V. S. 2357, after he knows of the testator's death, is different
from the cause of action given by the same section against an
executor for unexcused neglect to comply with the requirements
of V. S. 2358, after he knows of the testator's death. Therefore,
separate suits, for these distinct causes of action, may be main-
tained at the same time against a person who is both the executor
and the custodian of the will.

ACTION ON THE CASE, under V. S. 2359, to recover the
penalty therein provided. Heard on a replication traversing
defendant's plea in abatement, and tendering an issue to be
tried by the record, at the June Term, 1903, Windsor County,
*Tyler,* J., presiding. Judgment that the writ abate. The
plaintiff excepted.

The opinion states the case. The pleadings considered
in this case, commence with new declarations, filed after this
case and *Fletcher* v. *Fletcher* had been once to the Supreme
Court. See 74 Vt. 417, and 430.

George A. Weston and Gilbert A. Davis for the plaintiff.

The two suits are not for the same cause of action.
V. S. 2359 gives a penalty for the unexcused neglect of any
one of the three duties required in the two preceding sections.
One suit claims this penalty for the neglect of one of these

duties. The other suit claims the penalty for the neglect of still another duty. The pendency of one suit abates another only when the parties and the cause of action are identical. *Ballou* v. *Ballou,* 26 Vt. 673; *Smith* v. *Blatchford,* 2 Ind. 184.

This matter should have been pleaded in bar. *Barnes* v. *Blackbourne,* Sayer 216 (Eng. K. B. 1755); *Combes* v. *Pitt,* 3 Burr. 1423; *Jackson* v. *Gessing,* 2 Strange 1169; *Payne* v. *People,* 6 Johns. 103.

*Hunton* and *Stickney* for the defendant.

The sufficiency of the plea is conceded by the replication. The plea sets up a valid defense. *Combe* v. *Pitt,* 3 Burr. 1423. That both actions are the same has been settled by this Court. *Richardson* v. *Fletcher,* 74 Vt. 417; *Fletcher* v. *Fletcher,* 74 Vt. 430. Only one penalty can be recovered. *Forbes* v. *Davison,* 11 Vt. 660, 672; *Suydam* v. *Smith,* 52 N. Y. 383; *Sturgis* v. *Spofford,* 45 N. Y. 447; *Fisher* v. *N. Y. etc.,* 46 N. Y. 659.

WATSON, J. The defendant pleaded in abatement that at the time of the purchase of the writ in this case, another writ was simultaneously purchased in favor of one William W. Fletcher against this defendant returnable to the same Court; that the two writs were simultaneously exhibited to the clerk of the Court; that the suit in favor of said William W. is still depending and undetermined in said Court; and that the causes of action severally declared for in said two writs are one and the same. The plaintiff replied by traversing the allegation in the plea that the causes of action thus severally declared for were the same, concluding with a verification by the record of the two writs and declarations, and prayer that the record may be seen and inspected by the Court. Thus the issue of whether

the two suits were for the same cause of action was tendered to be tried by the record. The trial Court rendered judgment that the writ abate, thereby adjudging that the causes of action were the same. Was this error, is the question now for consideration.

When these cases were before this Court, as reported in 74 Vt. 417 and 430, 52 Atl. 1064, it was held in effect that the cause of action in *Fletcher* v. *Fletcher* was the unexcused neglect of the defendant to present the will to the Probate Court, having jurisdiction, within the time specified by law after he knew of the death of the testatrix; and that in the other case the cause of action was his unexcused neglect within the same time to signify to the Court his acceptance of the trust, or to make known in writing his refusal to accept it. See V. S. 2358, 2359.

Notwithstanding these duties were closely connected and in the circumstances shown by the pleadings were required to be performed within the same period of time, they were different in nature, and the acts necessary for the due performance of either were unlike those to be done in the performance of the other. Consequently the evidence essential to the support of one action would, to a large extent, be irrelevant and immaterial to the plaintiff's right of recovery in the other.

To constitute the same cause of action, the offenses charged must be in point of fact and in contemplation of law the same; and the test is whether the same evidence will support both of the actions although they may happen to be grounded on different writs. *Gates* v. *Gorham*, 5 Vt. 317.

*Judgment reversed, and cause remanded.*